ROBERT B. WHITE (ISB #4438)
MELODIE A. McQUADE (ISB #9433)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: 208-388-1200
Facsimile: 208-388-1300
rbw@givenspursley.com
melodiemcquade@givenspursley.com

PATRICK F. HULLA (*Admitted Pro Hac Vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816-410-2226
Facsimile: 816-471-1303
patrick.hulla@ogletree.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY EDWARDS and JAMES HOLLINGSWORTH, <br><br> *On behalf of themselves and those similarly situated,* <br><br> Plaintiffs, <br><br> vs. <br><br> PJ OPS IDAHO, LLC; PJ HOLDINGS KY, LLC; PJ OPS KANSAS, LLC; PJ OPS COLORADO, LLC; PJ OPS LOUISIANA, LLC; PJ OPS NEW YORK, LLC; PJ OPERATIONS, LLC; PJ WEST FARGO, LLC; PJ FALCON COLORADO, LLC; PJ COLORADO SPRINGS CO OP, LLC; PJ OPS MINNESOTA, L.L.C.; PJ ACQUISITIONS, LLC; TOM WYLIE; CORPORATE DOE DEFENDANTS 1 – 10; AND INDIVIDUAL DOE DEFENDANTS 1-10, <br><br> Defendants. | CASE NO. 1:17-CV-00283-DCN <br><br> **DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127)** |

Defendants,[1] per the Court's Order (Dkt. 140), submit this Supplemental Brief to address the impact of Defendants' Notice (Dkt. 136) on the pending discovery motions (Dkts. 126, 127).

## INTRODUCTION

The Opinion Letter[2] conclusively shows Plaintiffs' understanding of the Fair Labor Standards Act ("FLSA") and resultant refusal to answer Defendants' discovery questionnaire are fundamentally flawed, largely because Plaintiffs heavily rely on a case—*Hatmaker*[3]—that neglects 29 C.F.R. § 778.217 and misinterprets the Handbook.[4] Contrary to *Hatmaker* and Plaintiffs' arguments, under § 778.217's plain language an employer may reimburse an employee's expenses based on "a reasonable approximation of expenses incurred," Opinion Letter at *2, and need not "use the IRS standard rate" to make such approximations, *id.* at *3. *Hatmaker* ruled differently, the Opinion Letter explains, because it relied on Handbook § 30c15 without considering § 778.217 or analyzing how the Handbook could be "interpreted to support [§ 778.217's] regulatory text." Opinion Letter at *3 n.4. The Opinion Letter provides the analysis *Hatmaker* neglected, explaining Handbook § 30c15 "provides two means of calculation … but that does not foreclose other

---

[1] "Defendants" means, collectively: PJ Ops Idaho, LLC; PJ Holdings KY, LLC; PJ Ops Kansas, LLC; PJ Ops Colorado, LLC; PJ Ops Louisiana, LLC; PJ Ops New York, LLC; PJ Operations, LLC; PJ West Fargo, LLC; PJ Falcon Colorado, LLC; PJ Colorado Springs Co Op, LLC; PJ Ops Minnesota, L.L.C; PJ Acquisitions, LLC; and Tom Wylie ("Wylie").

[2] "Opinion Letter" means the U.S. Department of Labor ("DOL") Wage and Hour Division ("WHD") Opinion Letter FLSA2020-12, 2020 WL 5367069 (Aug. 31, 2020). *See* Dkt. 136.

[3] *Hatmaker v. PJ Ohio, LLC*, No. 3:17-CV-146, 2019 WL 5725043 (S.D. Ohio Nov. 5, 2019). *Hatmaker* is Plaintiffs' primary authority (*see* Dkt. 127), so Defendants focus on it, but the same arguments apply equally to the closely related authorities Plaintiffs also rely on, such as *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2018 WL 5800594 (S.D. Ohio Nov. 6, 2018) and *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712 (E.D. Pa. 2014).

[4] "Handbook" means WHD's Field Operations Handbook, available at https://www.dol.gov/agencies/whd/field-operations-handbook (last accessed Sept. 24, 2020).

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) - 1**

methods, such as a reasonable approximation of expenses," and thus § 30c15 is "discretionary" and "consistent with" § 778.217. Opinion Letter at *3. As such, the Opinion Letter explains, *Hatmaker* and similar decisions are "distinguishable." *Id.* at *3 n.4.

Based on the above, the Opinion Letter's relevance and impact on the pending discovery motions is unmistakable: The Opinion Letter is directly contrary to Plaintiffs' discovery briefing and completely undermines Plaintiffs' refusal to answer Defendants' discovery questionnaire.

Plaintiffs will likely quibble about the Opinion Letter, but there can be no serious question that it, at the very least, has "the power to persuade." *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1036 (9th Cir. 2013) (courts defer to an agency's interpretation, such as in an opinion letter, based on its power to persuade). The Opinion Letter expressly addresses precisely the same factual allegations and legal issues present here: reimbursement under the FLSA "of delivery drivers who use their personal vehicles to deliver pizza and other foods." Opinion Letter at *1. And the Opinion Letter does so by simply interpreting the plain language of longstanding FLSA statutes and regulations, citing in support court decisions that previously interpreted the FLSA in the same way. *E.g.*, Opinion Letter at *2, *3.

In their briefing, Plaintiffs argued "[t]he Court should not disregard the DOL's guidance" about FLSA reimbursement. (Dkt. 128 at 16.) But Plaintiffs rely on the Handbook, which explicitly states it "is *not* 'a device for establishing interpretative policy.'" Opinion Letter at *3, quoting Handbook (emphasis added). In contrast, the Opinion Letter is "an official interpretation[.]" Opinion Letter at *6. The Court should follow the Opinion Letter's guidance, by granting Defendants' Motion to Compel (Dkt. 126) and denying Plaintiffs' Motion for Protective Order (Dkt. 127).

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) -** 2

44355633.2

## ARGUMENT

The parties' pending discovery dispute arises from Plaintiffs' collective and wholesale refusal to respond to any of Defendants' discovery questionnaire requests. (*See generally* Dkt. 126.) Plaintiffs' refusal is based on *Hatmaker*'s interpretation of the Handbook, which Plaintiffs contend (incorrectly) restricts the scope of permissible discovery to only two narrow issues— whether Defendants: (1) tracked and reimbursed employees' actual vehicle costs; and (2) reimbursed employees at the IRS rate. (Dkt. 127 at 2.) But as the Opinion Letter makes clear, *Hatmaker* is flawed because it neglects 29 C.F.R. § 778.217 and misinterprets Handbook § 30c15. Opinion Letter at *2-3.

The FLSA requires only that an employer's reimbursements "reasonably approximate" an employee's actual expenses," a "flexible" standard, *id.* at *4, that is totally different from Plaintiffs' attempts to narrowly constrict discovery. The Opinion Letter is persuasive and supports Defendants' right to discovery information from Plaintiffs about their alleged expenses, and thus the Court should require Plaintiffs to respond to Defendants' discovery questionnaire.

1. **The Opinion Letter is contrary to *Hatmaker* and undermines Plaintiffs' efforts to narrowly restrict discovery.**

*Hatmaker*'s ruling requiring either actual expenses or the IRS rate is contrary to 29 C.F.R. § 778.217. First, as to actual expenses, § 778.217's "plain language … permits employers to reimburse a reasonable approximate of expenses incurred … rather than the actual amount[.]" Opinion Letter at *2. That regulation states an employer's reimbursement "may be in an amount that 'reasonably approximates the expense incurred[.]'" *Id.*, quoting 29 C.F.R. § 778.217(a). And one of the illustrative examples "explicitly states" an employer can "reimburse the 'actual or reasonably approximate amount' of an employee's expenses to travel 'by private car[.]'" *Id.*

DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) - 3

44355633.2

(emphasis in original), quoting 29 C.F.R. § 778.217(b)(3). "As the plain language of [§ 778.217] makes clear, a reasonable approximation is sufficient." *Id.*

Federal courts agree. More than ten years ago, one federal court reached the very same conclusion: "Based on the applicable regulations, the Court concludes that defendant was entitled to reimburse plaintiffs for their vehicle expenses by reasonably approximating those expenses." *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1287 (D. Kan. 2010), cited in Opinion Letter at *2. Other courts have followed that ruling and built on it, concluding that, because employers are not required to keep records of employees' actual expenses, employers are likewise not required to reimburse the expenses employees actually incurred. *E.g.*, *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 301–02 (E.D.N.Y. 2013), cited in Opinion Letter at *2.

Second, as to the IRS rate, § 778.217's "plain language" likewise "allows employers to reasonably approximate an employee's expenses through methods other than the IRS business standard mileage rate[.]" Opinion Letter at *3. As the Opinion Letter explains, § 778.217(c)(2) addresses when reimbursement for an employee travel expense is reasonable, and it "explicitly allows employers to approximate expenses at a rate lower than the IRS standard rate[.]" *Id.* Because § 778.217(c)(2) permits that lower rate, it plainly does not require the IRS rate. *Id.*

Again, federal courts agree. The Opinion Letter cites two federal court decisions that reviewed authorities and arguments just like Plaintiffs' and ruled the "authorities do not suggest that the IRS rate is the *only* reasonable approximation of such expenses." *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015) (emphasis in original), cited in Opinion Letter at *3; *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1154–55 (N.D. Ala. 2018) (following *Perrin* and reaching the same conclusion; opinion reconsidered in part for unrelated reasons), cited

DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) - 4

44355633.2

in Opinion Letter at *3.

The Opinion Letter reviewed *Hatmaker* and concluded it "contradict[s] the plain text of the regulations[,]" specifically noting *Hatmaker* did not consider § 778.217. A federal court has sharply criticized, for the same reason, a closely related ruling that Plaintiffs also rely on. *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d at 1155 ("*Zellagui* did not examine the particular statutory or regulatory background relevant to § 30c15, but appeared to rely on § 30c15's interpretation of the FLSA *without even recounting what the FLSA stated*.") (emphasis in original).

The Opinion Letter also criticizes *Hatmaker* for at least two other reasons—the first being that it relied too heavily on the Handbook. Opinion Letter at *3. As the Opinion Letter states, the Handbook "does not establish a binding legal standard on the public[.]" *Id.* Indeed, the Handbook itself states it "is not used as a device for establishing interpretative policy." *See* Handbook, cited *supra* note 4. *See also Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1012 (9th Cir. 2011) ("it does not appear to us that the [Handbook] is a proper source of interpretive guidance"), cited in Opinion Letter at *3.

Additionally, *Hatmaker* relied on the Handbook without analyzing how it could be interpreted together with § 778.217. Opinion Letter at *3 n.4. The analysis missing from *Hatmaker* is in the Opinion Letter, which explains Handbook § 30c15 is "discretionary" (not mandatory) and "consistent" with § 778.217(c): "[T]he [Handbook] provides two means of calculation" in § 30c15 "but that does not foreclose other methods, such as a reasonable approximation of expenses." Opinion Letter at *4. The Opinion Letter highlights § 30c15's use of discretionary "may" language, *id.*, as has at least one federal court, *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015).

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) - 5**

44355633.2

For all of these reasons, the Opinion Letter concluded *Hatmaker* was "distinguishable." Opinion Letter at *3 n.4. Given that *Hatmaker* is Plaintiffs' primary authority, the Opinion Letter directly undermines Plaintiffs' approach to the FLSA and their attempts to avoid discovery here. The remainder of the Opinion Letter further buttresses that conclusion, as discussed below.

    **2.   The Opinion Letter supports Defendants' right to discover information from Plaintiffs about their alleged expenses and related issues.**

Apart from undermining Plaintiffs' reliance on *Hatmaker*, the Opinion Letter also supports Defendants' right to discovery. "Ultimately, the FLSA and the regulations permit a reasonable approximation [of an employee's actual expenses] based on variable data sources without regard to the particular inputs, processes, formulas, or other methods[.]" Opinion Letter at *4. The FLSA does not impose limitations because a "myriad of particulars" determines the reasonable approximation of the expenses incurred by a particular employee to "perform particular tasks at a particular site in a particular area." *Id.* As is highly relevant here, "costs often vary significantly by region" and "the average price of gasoline various by regions and even among neighboring states." *Id.* Thus, the FLSA is "flexible" regarding reimbursement, and reasonable approximation "will depend on the circumstances of each case." *Id.*

The FLSA's flexible approach is completely at odds with Plaintiffs' arguments for narrowly restricted discovery. And that flexible approach fits this case well, as its allegations and procedural posture highlight Defendants' need for and entitlement to discovery. Here, some 700 party plaintiffs have thus far joined Plaintiffs' conditionally certified collective action, and their work experiences, alleged expenses, and reimbursements, will no doubt present a host of individualized facts and circumstances. Moreover, those 700 party plaintiffs are spread across a wide swath of the country, as Plaintiffs' allegations concern workplaces in at least five states,

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) -** 6

including ones as diverse and dispersed as Idaho, Kentucky, and New York. (*See generally* Dkt. 114.) The number of party plaintiffs and the diversity and dispersion of their locations raise exactly the "myriad of particulars" and variations in costs that the Opinion Letter described. Opinion Letter at *4. Consistent with Federal Rule of Civil Procedure 26, information about Plaintiffs and their allegedly incurred expenses is plainly "relevant" and thus Defendants are entitled to discover it.[5] This is particularly true given that, as the Opinion Letter and have federal courts have recognized, such information is in the possession of Plaintiffs, not Defendants. Opinion Letter at 3; *Morangelli*, 922 F. Supp. 2d 278, 302 (E.D.N.Y. 2013) (recognizing that employees—not employers—have control over records showing employees' actual expenses).[6]

### 3.  The Court should decide the discovery dispute by following the Opinion Letter.

The Opinion Letter is instructive and persuasive on its face, particularly because it is "an official interpretation of the governing statutes and regulations by the Administrator[.]" Opinion Letter at *6. Nonetheless, Plaintiffs have signaled they may object to it (Dkt. 139), and so here Defendants anticipate and refute their likely arguments.

To begin, Plaintiffs' discovery briefing asserted that "[t]he Court should not disregard the DOL's guidance[.]" (Dkt. 128 at 16.) Defendants agree, as such guidance appears only in the Opinion Letter. Opinion Letter at *6. The Handbook is not a source of guidance, as recognized by the Opinion Letter, the federal courts, and the Handbook itself. *See supra* Argument § 1.

Plaintiffs may argue about what "deference" the Court should give the Opinion Letter, but

---

[5] Even as Plaintiffs collectively and entirely refuse to respond to Defendants' discovery questionnaire, they have pushed forward with their own discovery, asking Defendants to produce records as to all 700 party plaintiffs. (Dkt. 130 at 4 n.4.)

[6] The Opinion Letter also addresses which expenses are reimbursable. Opinion Letter at *4-6. Defendants reserve their rights to rely on the Opinion Letter as to this and all other issues.

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) - 7**

that is largely a red herring. The administrative law issue of what level of interpretative deference a court should give a regulation arises "only if a regulation is genuinely ambiguous." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019). In contrast, when there is no ambiguity, "courts should not give deference to an agency's reading, except to the extent it has the 'power to persuade.'" *Id.* (quoting another case). Thus, when a regulation is unambiguous, the courts "accord an agency's interpretation 'a measure of deference proportional to the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade.'" *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1036 (9th Cir. 2013).

Here, the key regulation—§ 778.217—is not ambiguous, because, as the Opinion Letter repeatedly states, its "plain language" and "plain text" are contrary to *Hatmaker*. Opinion Letter at \*2, \*3 & n.4. Federal court decisions also show § 778.217 is not ambiguous, as they interpreted the regulation in the same way years before the Opinion Letter was issued. *See, e.g.*, *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1287 (D. Kan. 2010); *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015).

Because § 778.217 is not ambiguous, the only question is the Opinion Letter's "power to persuade." *Indep. Training & Apprenticeship*, 730 F.3d at 1036. Defendants respectfully submit the Opinion Letter is highly persuasive for the all the reasons discussed herein, including that it concerns reimbursement for pizza delivery drivers, comprehensively analyzes the FLSA statutes and regulations, and reaches the same conclusion as numerous federal court decisions.[7]

---

[7] Defendants contend § 778.217 is not ambiguous, but, if the Court disagrees, then the Court should at least give the Opinion Letter *Auer* deference, under which "the agency's interpretation 'becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Kisor*, 139

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) -** 8

Plaintiffs may also complain the Opinion Letter is unfairly surprising or retroactive, but these arguments also fail. "Unfair surprise" may arise when an administrative agency "substitutes one view of a rule for another." *Kisor*, 139 S. Ct. at 2418. This can happen, for instance, when an administrative agency discards a long-standing interpretation in favor of a new one. *See, e.g.*, *Indep. Training & Apprenticeship*, 730 F.3d at 1032-35 (noting risk for unfair surprise where agency issued opinion letters, and left them in place for roughly eight years including during a period of updated rulemaking, only to then withdraw the opinion letters and modify its position while litigation was actively pending).

Nothing of the sort is present here. Plaintiffs' discovery briefing did not identify any legitimate FLSA administrative interpretation they have relied on, so the Opinion Letter is not "substituting" anything and thus there can be no unfair surprise. *Kisor*, 139 S. Ct. at 2418. Plaintiffs may argue they relied on the Handbook, but that is legally untenable. First, the Handbook express does *not* provide interpretative guidance, so any alleged "reliance" was patently unreasonable. *See supra* Argument § 1. Second, federal courts decisions dating back to at least 2010 have rejected arguments like those Plaintiffs make here, further undermining any alleged "reliance." *See, e.g.*, *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1154–55 (N.D. Ala. 2018); *Perrin*, 114 F. Supp. 3d 707; *Wass*, 688 F. Supp. 2d 1282.[8]

Similarly, the Opinion Letter raises no colorable issue of retroactivity. That doctrine exists to protect a *defendant* from a *plaintiff* seizing upon a new administrative interpretation to impose

---

S. Ct. at 2411. For all the reasons discussed herein, the Opinion Letter is neither plainly erroneous nor inconsistent with the FLSA regulations.

[8] At least one attorney who is Plaintiffs' counsel here was also plaintiffs' counsel in each of these cases, further undermining any legitimate claim of surprise, let alone *unfair* surprise.

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127)** - 9

liability for the defendant's prior conduct. *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155–56 ("[Plaintiffs] invoke the DOL's interpretation of ambiguous regulations to impose potentially massive liability on [defendant] for conduct that occurred well before that interpretation was announced."). Here, the roles are reversed: Defendants are not relying on the Opinion Letter to prosecute FLSA claims against Plaintiffs, but rather to defend themselves from Plaintiffs' claims. The Opinion Letter does not unfairly or retroactively impair Plaintiffs' legal rights, particularly given that § 778.217 regulation and the *Sullivan*, *Perrin*, and *Wass* cases already existed and support the same result.

## CONCLUSION

Plaintiffs' efforts to completely avoid discovery based on *Hatmaker* were already contrary to the Federal Rules of Civil Procedure, the FLSA's statutory and regulatory scheme, and federal case law including *Sullivan*, *Perrin*, *Morangelli*, and *Wass*. The Opinion Letter adds to the pile one more highly relevant and persuasive authority. The Opinion Letter strongly favors granting Defendants' Motion to Compel (Dkt. 126) and denying Plaintiffs' Motion for Protective Order (Dkt. 127).

DATED: _____, 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC

/s/ Patrick F. Hulla
Patrick F. Hulla

and

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) -** 10

GIVENS PURSLEY, LLP

/s/ Melodie A. McQuade
Robert B. White
Melodie A. McQuade

**Attorneys for Defendants**

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) -** 11

44355633.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 25th day of September, 2020, I filed the foregoing document electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic filing:

Jeff Hepworth
Hepworth Law Offices
2229 W. State Street
Boise, ID 83702
*Counsel for Plaintiffs*

☐ U.S. Mail
☐ Fax (208.246.8655)
☐ By hand
☐ Overnight
☒ CM/ECF (jhepworth@idalawyer.com)


Andrew Biller
Andrew Kimble
Phil Krezski
Biller & Kimble, LLC
Of Counsel to Markovits, Stock & DeMarco, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
*Counsel for Plaintiffs*

☐ U.S. Mail
☐ Fax (614.340.4620)
☐ By hand
☐ Overnight
☒ CM/ECF (abilller@billerkimble.com ; akimble@billerkimble.com; pkrezski@billerkimble.com)


Richard M. Paul III (KS #17778)
Paul LLP
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
*Counsel for Plaintiffs*

☐ U.S. Mail
☐ Fax (816.984.8101)
☐ By hand
☐ Overnight
☒ CM/ECF (Rick@PaulLLP.com)

Mark Potashnick
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, MO 63141
*Counsel for Plaintiffs*

☐ U.S. Mail
☐ Fax (314.997.9170)
☐ By hand
☐ Overnight
☒ CM/ECF (markp@wp-attorneys.com)


*/s/ Patrick F. Hulla*
Patrick F. Hulla

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) -** 12

44355633.2

44358277.1

**DEFENDANTS' SUPPLEMENTAL BRIEF ON THE RELEVANCE AND IMPACT OF DEFENDANTS' NOTICE (DKT. 136) ON THE PENDING DISCOVERY MOTIONS (DKT. 126; DKT. 127) -** 13

44355633.2