UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY EDWARDS, et al.,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>PJ OPS IDAHO, LLC, et al.,<br><br>Defendants. | Case No. 1:17-cv-00283-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

A perfect schedule for this case has remained elusive since its inception. The Court and Counsel have met on numerous occasions to discuss the best way to proceed given the posture of the case at any given time. Pending motions, legal questions, stays for mediation, discovery disputes, the COVID-19 pandemic, the Court's heavy caseload—numerous matters have affected this case's schedule over the years.

To understand the current dispute, a short review is helpful.

This is a putative hybrid Rule 23 class, collective action case. Relevant to today's decision, the Court notes three matters that have played, and will continue to play, a large role in this case. First: class certification. The Court conditionally certified a collection action years ago. Dkt. 67. Briefing for class action certification is underway and will conclude on March 15, 2022. Second, one of the most important questions in this case is how the Court will interpret and apply the Fair Labor Standards Act's ("FLSA") minimum

wage requirements to the reimbursement of vehicle expenses. This is a pure legal question, and while the Court and counsel have discussed over the years the best time to take up this critical matter, nothing has materialized. Currently, the Plaintiffs plan to move for partial summary judgment on this issue once the question of class certification has been resolved. Third and relatedly, Defendants have taken the position, at various times, that the "one-way intervention rule" prohibits briefing on the legal question prior to a class certification. The parties, however, have *never* briefed—and the Court has *never* ruled—on whether the one-way intervention doctrine applies here.[1] These three topics have been the impetus for numerous discovery disputes and have significantly affected the trajectory of this case over the years.

Because of various delays, and an extended stay to pursue mediation, this case did not actually have a scheduling order in place for the first four years. Last June, however, the Court sent out its standard litigation order. Dkt. 164. As is sometimes the case, the parties in this suit were unable to agree to deadlines (Dkts. 166, 167), the Court held a telephonic call to go over the proposals, and ultimately a scheduling order was entered. Dkt. 168. During the telephonic scheduling conference concerning the parties'

---

[1] The Court has expressed its concerns with these matters before. *See* Dkt. 152, at 9. ("Frankly, the Court does not know why the parties did not ask the Court to determine that issue (the legal matter of reimbursement) in this case up front. The Court suggested such a course during its informal discovery dispute conference with the parties in August of 2019; however, this path was not pursued."). This matter also appears to be in the Court's future. The parties' briefs for class cert revisit the legal conundrum once more. Dkt. 192, at 10–15; Dkt. 209, at 12. Again, the Court expresses its concern—particularly as applied to Defendants. To claim, for years, that the legal issue can't be decided until after certification is determined, but then to use the undecidedness of the legal issue as part of your opposition to certification is somewhat convoluted to say the least. Regardless, at this point, the Court desires to address and decide these matters in an organized fashion.

MEMORANDUM DECISION AND ORDER – 2

disagreements, both sides brought up situations they felt were left unresolved in the plan. The Court and counsel, however, decided that a schedule (even with some things left open) was better than no schedule at all. In subsequent email communications, the Court and Counsel discussed some of these outstanding concerns, but again—no formal resolution was reached. The matters were never briefed, and the Court never ruled on any of them.

Recently, Plaintiffs filed the instant motion to vacate the remaining deadlines in this case for the time being. Dkt. 210. The motion comprises just four paragraphs. Plaintiffs note that their deadline for initial expert disclosures is this week—March 4, 2022. Plaintiffs explain that because the Court's decision on the legal question regarding FLSA reimbursement (which hasn't even been briefed yet) will bear on the need for experts in the first instance, there is little reason to engage experts until that determination has been made. Plaintiffs asks the Court to vacate the current deadlines, set a scheduling conference to set new deadlines, and set a deadline for their upcoming motion for summary judgment (following any decision on class certification).

Because the Court's standard briefing schedule would have overlapped the deadlines Plaintiffs sought to move, the Court shortened the time for briefing this matter. Dkt. 211. The Court noted as part of its order that, in the future, the parties needed to meet and confer on this type of motion and also indicate in their moving papers whether the other side is opposing the request.[2] Defendants dutifully filed an opposition to the motion and Plaintiffs replied. The matter is now ripe for the Court's consideration.

---

[2] For example, while Local Rule 7.1 requires any party who does not intend to oppose a motion to "immediately notify" the Court and Counsel, this can be streamlined further if the parties have

MEMORANDUM DECISION AND ORDER – 3

## II. LEGAL STANDARD

The Ninth Circuit has recognized that "A schedule may be modified only for good cause and with the judge's consent." *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting Fed. R. Civ. P. 16(b)(4)). When considering a request to modify a scheduling order, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). *See also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (noting that "a court may take into account any prejudice to the party opposing modification of the scheduling order . . .").

## III. DISCUSSION

Defendants bring three primary arguments in opposition to Plaintiffs' request: 1) that Plaintiffs agreed to the prior scheduling order, 2) that Plaintiffs were not diligent in bringing their current request, and 3) that they will suffer prejudice if the deadlines are moved.[3] The Court will address each in turn, but must initially comment on its surprise as to some of Defendants' arguments.

The Court is not surprised by Defendants' opposition to Plaintiffs' request in the aggregate. It is, after all, their prerogative to take any position they feel necessary to further

---

communicated beforehand and the filing party is able to represent whether the request will be opposed. Dist. Idaho Loc. Civ. R. 7.1(a)(5). In this case, neither party has represented whether the *current* motion was discussed in any meet and confer. The Court recognizes that the subject matter has been discussed ad nauseum over the years, but the parties should have, nevertheless, met and conferred prior to Plaintiffs filing the instant motion as it is a discovery motion.

[3] The Court notes that Defendants, while opposing Plaintiffs' Motion to vacate the deadlines completely is amenable to keeping the current disclosure deadlines but extending expert discovery to close when all discovery closes. Plaintiffs did not comment on this proposal.

MEMORANDUM DECISION AND ORDER – 4

their interest. What's more, Defendants make some valid arguments in their opposition. The Court's surprise is more to the tenor of Defendants' opposition. While seven pages seems a bit overkill for a four-paragraph motion (which then necessitated a nine-page reply and this nine-page decision), the Court is perplexed by Defendant's apparent surprise that Plaintiffs would even make this request in the first place. It is frankly disingenuous to appear shocked that Plaintiffs would file such a motion when the parties have been discussing this matter with the Court for literally years. The Court turns to Defendants' arguments.

First, Defendants note 15 separate times—with 10 of those citations in italics no less—that Plaintiffs "agreed" to the prior scheduling order. At base, this is irrelevant to some degree. Circumstances change. As a result, schedules change. It appears that Defendants' argument goes deeper though. It appears they are saying not just that Plaintiffs agreed and shouldn't change their mind now, but that Plaintiffs *should never have agreed to the prior schedule in the first place* if they knew they wouldn't be prepared to go into expert discovery without a ruling on the legal issue still at large. Plaintiffs explain—and the Court can confirm—that Defendants previously indicated they may be willing to waive their one-way intervention arguments so that the FLSA legal issue could be briefed alongside the motion for class certification. Thus, Plaintiffs thought, albeit fleetingly, that these matters might be resolved *before* expert discovery began. Defendants thereafter changed their mind. The parties then communicated with the Court's law clerk who provided informal guidance on ways to proceed. While nothing formal materialized, this situation in itself illustrates the changing nature of litigation. Defendants, *as is their*

*prerogative*, changed their position on the one-way intervention situation (at least to some degree); Plaintiffs now wish to change their position on the schedule. Such is reasonable.

And not to belabor the point, but changes abound in this case. Even the current schedule on the briefs for class certification has changed. Defendants "agreed" to a deadline to submit their response to Plaintiffs' Motion for class certification. Dkt. 196. Circumstances changed. Defendants requested more time. Twice. Dkts. 200, 202. Plaintiffs agreed both times. The Court granted both requests. Dkts. 201, 203. Plaintiffs recently opposed Defendants' third request. Dkts. 204, 206. *Over Plaintiffs objections*, the Court found good cause and granted Defendants' request—thus changing what the parties had agreed to previously. Dkt. 207.

Now, the Court recognizes that a schedule for briefing is not as critical as the overall deadlines in the case. The Court's point, however, is that circumstances change. The Court is not as concerned with Plaintiffs' prior agreement as it is with its current justification for any proposed change. Said differently, the relevant question is whether there is good cause for them to change their position now. The Court gives Defendants' "prior agreement" argument no weight.

Defendants second argument, however, is more persuasive. Despite knowing at the end of August 2021 that Defendants had changed their position on the one-way intervention matter, Plaintiffs waited until recently—just one week before the first of the un-expired deadlines—to broach this matter with the Court. As a result, Defendants claim Plaintiffs were not diligent.

There is an interesting nuance to this argument. The diligence requirement often

MEMORANDUM DECISION AND ORDER – 6

referenced allows the Court to modify the schedule when the deadline cannot be met "despite the diligence of the party seeking extension." Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment. Here, Plaintiffs have never claimed they *couldn't* meet the required deadline; they are simply claiming it would be more efficient to move the deadlines until a later date. Thus, Defendants do not challenge Plaintiffs' diligence in trying to meet the deadline, but their diligence in bringing the subject of the deadline to the Court's attention.

In any event, because Plaintiffs' recent filing occurred so close to the deadlines it sought to move, the Court required expedited briefing and is rendering an expedited decision. While the matter has been discussed before, it is still a discovery dispute that should have been taken up via a meet and confer between the parties and the Court's informal discovery dispute process. That should have happened long before now. The Court frankly does not know why Plaintiffs did not bring this up sooner; no reason has been provided.[4] This does appear to show a lack of diligence and cuts against Plaintiffs' request.[5]

---

[4] Defendants state their "presumption" that Plaintiffs recently decided to kick this can down the road in order to avoid expert discovery costs. Not only is this pure supposition, but, if ultimately successful, Plaintiffs—by statute—may be able to recoup these costs anyway. Thus, whether costs played a role in Plaintiffs' decision is undetermined. Plaintiffs have never mentioned costs as a relevant factor over the years as it relates to this dispute. In their reply, however, Plaintiffs note that Defendants are trying to drive up their costs knowing their "expenses must be fronted by two small law firms." Dkt. 215, at 5. Thus, maybe Defendants are correct in their assumption. Regardless, this does not bear heavily on the Courts decision today. Costs are part of litigation; Plaintiffs' counsel knows this. The Court is not moving the deadlines today to save Plaintiffs' counsel from fronting certain costs, but because waiting to determine if the costs are even necessary is efficient and organizationally sound. Again, the Court has been trying to get the parties to bring the legal disagreement before it for resolution for years.

[5] Again, not because Plaintiffs were not diligent in trying to meet the deadline, but because they were not diligent in bringing their concerns about the deadline to the Court's attention for resolution.

MEMORANDUM DECISION AND ORDER – 7

Defendants' final argument is that they will be prejudiced by any delay in this case. Defendants devote scant few lines to this crucial component and summarily state that because this case is older, it should keep moving forward to ensure Federal Rule of Civil Procedure 1's mandate that cases are resolved in a "speedy" manner. Dkt. 214, at 7-8. The Court understands Defendants concerns. However, this is a large and complicated case. Numerous delays (many of them out of the parties' hands) have occurred. The parties have been diligent in moving things forward. In addition, Rule 1 not only mandates the "speedy" resolution of every case and controversy, but also the "just" and "inexpensive" determination said cases.

On the one hand, it is not uncommon for parties to engage in discovery that is ultimately not relevant, useful, or admissible. Those associated "lost" costs are simply the nature of the game. That said, if there is a way to avoid costs (or at least delay them until it is clear they are necessary), *and* no resulting prejudice is present, the Court is inclined to proceed in that manner. Here, Defendants' desire to have final resolution of this case is understandable. But in the absence of any concrete prejudice, waiting a few months to engage in expert discovery will be most efficient—to both parties. Should expert disclosures/discovery not be necessary, that is a cost that will be saved not only by Plaintiffs, but also by Defendants.

In short, the Court agrees with Plaintiffs that the most efficient and economical course of action is to take matters up one at a time. First, the Court will deal with class certification. The Court will then take up the legal question of FLSA reimbursement. Then, if necessary, the parties will engage in expert discovery. Even though Plaintiff (and

MEMORANDUM DECISION AND ORDER – 8

Defendant) *could* engage in expert discovery while these other issues are ongoing, it will benefit the parties, and the Court, to approach these issues in an organized manner, one by one. That said, the Court agrees with Defendants that this case should move forward as quickly as reasonably possible. Thus, the Court will set deadlines as soon as its schedule allows.

## IV. ORDER

1. Plaintiffs' Motion to Vacate Scheduling Order (Dkt. 210) is GRANTED. The outstanding deadlines in this case (Dkt. 168) are VACATED.

2. The Court will set a hearing on class certification for April 21, 2022. A separate notice of hearing shall issue.

3. The parties should begin drafting their motions for partial summary judgment on the legal question of reimbursement. Motions on this topic (whether cross motions by both parties or simply Plaintiffs' motion) will be due 30 days after the Court's decision on class certification. The traditional deadlines for briefing shall follow.

4. The Court will not set a scheduling conference at this time. Once its decisions on class certification and the legal reimbursement question have been issued, it will set a conference to determine the remaining deadlines in this case.

DATED: March 4, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 9