UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY EDWARDS, et al., *On behalf of himself and those similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> PJ OPS IDAHO, LLC, et al., <br><br> Defendants. | Case No. 1:17-cv-00283-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Certification of Rule 23 Classes Under Idaho, Colorado, Kentucky, New York, and North Dakota Law ("Motion for Class Cert"). Dkt. 192.[1]

The Court held oral argument on April 21, 2022, and took the Motion under advisement. Upon review, and for the reasons outlined below, the Court GRANTS the Motion for Class Cert and GRANTS the attending organizational requests.

# II. BACKGROUND

This is a putative hybrid Rule 23 class and 29 U.S.C. § 216(b) collective action.

---

[1] In conjunction with this substantive Motion, Plaintiffs filed two motions to seal various documents. Dkts. 190, 220. Plaintiffs correctly filed the respective documents under seal, as well as redacted copies for the public record. Neither of the motions to seal are opposed. Good case appearing, the Court GRANTS the Motions to Seal.

MEMORANDUM DECISION AND ORDER – 1

Named Plaintiffs Cory Edwards, James Hollingsworth,[2] Matthew Garber, Seth Thomas Sweeney, John Carrigan, and Jeffrey Smith worked, at one point or another, as pizza-delivery drivers for various Papa John's franchise locations in various states. In this action, Plaintiffs assert Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and various states' laws by improperly applying a tip credit to their wages and by failing to adequately reimburse them for their delivery expenses.

On May 15, 2018, the Court conditionally certified a § 216(b) FLSA collective action. Dkt. 67. Notice was sent to 3,846 prospective plaintiffs and, to date, roughly 700 individuals have consented to join this action. On December 3, 2021, Plaintiffs filed the instant Motion seeking class certification for five classes—one each in Idaho, Colorado, Kentucky, New York, and North Dakota. Defendants oppose the motion.

In connection with this certification, Plaintiffs also ask the Court to: (1) affirm them as class representatives; (2) approve their selection of counsel by appointing Biller & Kimble, LLC; Paul LLP; and Weinhaus & Potashnick as Class Counsel pursuant to Rule 23(g); and (3) permit them to send notice of this lawsuit to putative class members pursuant to Rule 23(c)(2).

### III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court may certify a class if the class meets the numerosity, commonality, typicality, and adequacy prerequisites of Rule 23(a). Fed. R. Civ. P. 23(a); *see also Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). In

---

[2] Hollingsworth is not one of the prospective Rule 23 class representatives at this time. He is, nevertheless, still a named plaintiff and one of the FLSA Collective Action representatives.

MEMORANDUM DECISION AND ORDER – 2

addition to meeting the four requirements of Rule 23(a), class actions must fall within one of the three types specified in Rule 23(b). The district court's Rule 23(a) and (b) analysis must be "rigorous." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). The party seeking certification bears the burden of showing that each of the four requirements of Rule 23(a), and at least one of requirements of Rule 23(b), have been met. *Id*.

In considering these requirements, the court should consider the merits of the case "only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011). "[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (1974) (cleaned up). A plaintiff need only present evidence showing a methodology to provide common answers to common questions—not prove their claim. *Dukes*, 564 U.S. at 350 n.6.

Finally, Rule 23 provides that, "[w]hen appropriate, a class may be divided into subclasses that are each treated as a class." Fed. R. Civ. P. 23(c)(5).

## IV. ANALYSIS

The Court will begin with the Rule 23(a) factors. After considering each, the Court will address whether Plaintiffs have satisfactorily alleged a basis for their class under one of the enumerated options of Rule 23(b).

### A. Rule 23(a)

*1. Numerosity*

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). And while Rule 23(a)(1) requires that the class be "numerous," there is no "strict numerical cut-off." *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 167 (S.D. Cal. 2019) (cleaned up). Citing cases in every federal circuit, a leading treatise on class actions opines that, "a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone." 1 *Newberg on Class Actions,* § 3:12 (5th Ed. 2021).

In this case, Defendants operated at least 72 Papa John's stores during the relevant time periods. And while all stores and all employees are not at play in the present motion, roughly 1,590 employees from 30 stores are—Idaho (300 drivers from five stores), Colorado (600 drivers from twelve stores), Kentucky (250 drivers from four stores), New York (140 drivers from four stores), and North Dakota (250 drivers from five stores).

Defendants argue "numerosity . . . is not merely numerousness," Dkt. 209, at 18, and claim that if 3,846 plaintiffs can be joined in this case for the collective FLSA claim, then it is not impossible to join the 1,590 Rule 23 class members. While it is true the Court must look beyond the raw numbers when determining numerosity, it need not find joinder impossible, only impracticable. *See, e.g., Jones v. Fid. Res., Inc.*, 2019 WL 4141015, at *8 (D. Md. Aug. 30, 2019) ("The numerosity requirement is satisfied when joinder would be difficult or impracticable, not impossible."). Defendants do not provide any examples of

*why* joinder would be preferred in the present matter; they simply claim Plaintiffs haven't explained why it *is not*.

While related, collective actions and class actions are procedurally and functionally different. Having joined 3,846 plaintiffs in an FLSA collective action might render joinder of a Rule 23 class action possible, but that doesn't mean it is practical.[3] For example, in *Jones*, the District Court for the District of Maryland held that joining 192 caregivers under Rule 23 would produce "serious logistical problems" even though "all 192 class members had an opportunity to opt-in to the FLSA collective action." 2019 WL 4141015, at *8 ("FLSA's collective action procedures merely render [] joinder possible, not practical, for purposes of Rule 23(a).").

In this case, the Court finds that joining roughly 1,600 plaintiffs would present logistical problems and is not the most economical way to proceed. The numerosity element is, therefore, satisfied.

2. *Commonality*

Next, Rule 23(a) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23(a)(2) is satisfied when there is a "common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "Plaintiffs need not show

---

[3] Importantly, the Court approved the parties' stipulated "Consent to Join" form as part of the FLSA joinder process in which any and all opt-in plaintiffs delegated their authority to the named plaintiffs. Dkts. 65, 68. Absent this delegation, joinder under the FLSA would have been unmanageable.

that every question in the case, or even a preponderance of questions, is capable of classwide resolution. So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." *Wang v. Chinese Daily News*, Inc., 737 F.3d 538, 544 (9th Cir. 2013) (citing *Dukes*, 564 U.S. at 359).

Plaintiffs assert that commonality exists here because:

[A]ll class members held the same job; performed the same primary job duty of delivering pizzas to Defendants' customers using their personal vehicles; were compensated by hourly pay rates equal to, or only slightly above, the state minimum wage threshold; Defendants reimbursed all of them with the same or nearly the same exact mileage rate; Defendants did not track their actual vehicle cost' [sic] and their claims are based on the same legal theory.

Dkt. 192, at 16–17. Plaintiffs also cite to other delivery driver cases where other district courts have certified classes based upon these same common elements. *See, e.g., Waters v. Pizza to You, LLC*, 2021 WL 229040, at *7 (S.D. Ohio Jan. 22, 2021).

Defendants spend the bulk of their response challenging this element of Rule 23(a)'s test for class certification.[4] Defendants contend that while they have a reimbursement policy that affected all the Plaintiffs, the commonality "stops there." Dkt. 209, at 9. Because the "amount of drivers' wages, reimbursement rates [] are different—not just state by state, but by store and driver," Defendants contend there is not commonality and trying to sort out all of these differences would be very difficult. *Id*. at 9–10. The Court is not persuaded by this initial argument. The fact that there are personalized damages in this case does not defeat commonality. While "damages determinations are individual in nearly all wage-and-

---

[4] Defendants argue "commonality" (from Rule 23(a)) and "predominance" (from Rule 23(b)) together. The Court finds that helpful and will do so in this context, but will also address Rule 23(b) independently below.

MEMORANDUM DECISION AND ORDER – 6

hour class actions," this fact "does not defeat class action treatment." *Leyva v. Medline Indus.*, 716 F.3d 510, 513–14 (9th Cir. 2013) (citing cases). *See also, Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("[t]he amount of damages is invariably an individual question and does not defeat class action treatment."); *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1089 (9th Cir. 2010) ("The potential existence of individualized damage assessments . . . does not detract from the action's suitability for class certification.").

Specifically in regard to pizza delivery cases such as this, numerous other Courts have rejected the argument Defendants make here today. *See, e.g., Waters v. Pizza to You, LLC*, 2021 WL 229040, at *7 (S.D. Ohio Jan. 22, 2021) ("While the extent of Defendants' under-reimbursement might be different from driver to driver or location to location the need for individualized inquiry and calculation of damages alone is not enough to defeat commonality."); *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2018 WL 5800594, at *4 (S.D. Ohio Nov. 6, 2018) ("[T]he need for individualized inquiry and calculation of damages is not enough to defeat commonality under Rule 23(a)(2)."); *McFarlin v. Word Enterprises, LLC*, 2017 WL 4416451, at *3 (E.D. Mich. Oct. 5, 2017) ("[T]he fact that there will need to be individualized inquiry in this case as to the amount of damages for each delivery driver is not enough to invalidate commonality."); *Perrin v. Papa John's Intern., Inc.*, 2013 WL 6885334, at *7 (E.D. Mo. Dec. 31, 2013) ("Defendants' assertion that individualized showings of each Plaintiff's vehicle expenses will be required to prove Plaintiffs' claims is without merit. Defendants' own reimbursement methodology does not depend upon the drivers' actual expenses and the regulatory framework does not require

that reimbursement be based on actual expenses. Nowhere do Defendants argue that if Plaintiffs prevail on their theory of liability, Defendants will not be able to determine each class member's damages by using computer data readily available to Defendants.").

Here, the Court is trying to determine whether there are common questions that would benefit from concurrent adjudication, not necessary whether the outcome will be "common" or equal between all class members. The Court and counsel are well equipped to make these individualized calculations and determinations when necessary, but the fact remains that the underlying question about Defendants' reimbursement policy is common to all potential class members. *Perrin*, 2013 WL 6885334, at *4 ("The issues facing the class arise from common questions involving Defendants' policies regarding the calculation and payment of reimbursement for delivery expenses. This is sufficient to satisfy the commonality requirement.").

Defendants second argument gives the Court pause, but does not change its decision. Defendants next argue that because the Defendants' stores at issue in this case are located in numerous states, the Court will have to look at each of those states' laws—on minimum wage for example—to make certain rulings in this case. Defendants then summarily state the "applicable law regarding [Plaintiffs'] claims is . . . unknown." Dkt. 209, at 12. This, in their opinion, defeats commonality.

To begin—as Plaintiffs' point out—Defendants do not state that differing laws or standards actually apply in this case, they simply opine that *could* occur. Absent something concrete, the Court is not persuaded this concern will even come to fruition.

Defendants' argument here hearkens back to a matter that has been a thorn in the

Court's side since the inception of this lawsuit.[5] A critical legal question in this case is *how* to determine the proper reimbursement rate. The Court will not revisit the competing arguments here, but notes this unanswered question—which the Court and parties have discussed resolving numerous times over the years—has once again caused problems between the competing positions in the present motion. Defendants claim that because it is still unknown how that rate should be calculated, there is no way to compare it to the various states' law on minimum wages, or to even begin addressing the ultimately question of minimum wage liability. Because those varying considerations *could* require state-specific analysis, Defendants contend the common question at issue here—if there even is one to begin with—is not predominant because there are so many "unanswered" questions and/or possible variations.

The Court understands Defendants concerns. But even assuming something along these lines come to pass—which again, is debatable—that alone is not enough to defeat the commonality requirement. So long as Plaintiffs can "creditably demonstrate" that "class certification [involving multiple states] does not present insuperable obstacles" because the "variations can be effectively managed through creation of a small number of subclasses grouping the states that have similar legal doctrines" certification is still appropriate. *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986). *See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (stating "[v]ariations in state law do not necessarily preclude a 23(b)(3) action, but class counsel should be prepared to demonstrate

---

[5] For a more thorough analysis of this conundrum, *see* Dkt. 152, at 9, 15–16; Dkt. 218, at 2 n.1.

the commonality of substantive law applicable to all class members"). Here, while there could be slight variations in state law—as to minimum wage, reimbursement etc.—the differences do not appear insurmountable. As Plaintiffs' explain, all the state laws at issue revolve around the same legal topics. The Court will analyze and determine the broad underlying questions and then extrapolate those out to each subclass and ultimately to each plaintiff. Should any specific state-law analysis become necessary, the Court will take that up in due course and tailor those nuances to the specific subclass. Such has been successfully done before. *See, e.g., Perrin*, 2013 WL 6885334, at *1 (granting class certification for drivers at Papa John's stores in Missouri, Arizona, Florida, Illinois, and Maryland).

To summarize, while the ultimate outcome for any individual class member may vary by state and/or by store—not to mention years worked, individual salary, and numerous other variables—there are still "common questions" at issue in this case. Specifically, the common questions here are whether Defendants under-reimbursed their employees under the FLSA and, if so, how that reimbursement rate should be calculated. *Benton v. Deli Mgmt., Inc.*, 396 F. Supp. 3d 1261, 1285–86 (N.D. Ga. 2019) (finding that the reasonableness of the reimbursement rate was the "central question" that "convince[d] the Court that proceeding as a collective action [was] appropriate").

In short, the common questions will require some massaging when it comes to their application state by state, store by store, and person by person. However, there are common questions nonetheless warranting class status. The Court finds the commonality requirement met.

MEMORANDUM DECISION AND ORDER – 10

3. *Typicality*

Next, Rule 23(a)(3) requires that "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The commonality and typicality requirements of Rule 23(a) are related. "Both serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected . . . ." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).

Under Rule 23(a)(3)'s "permissive standards," claims are "typical" when they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Parsons*, 754 F.3d at 685 (quoting *Hanlon*, 150 F.3d at 1020. "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Defendants do not appear to contest typicality—at least standing alone. Insofar as Defendants arguments relative to commonality relate here, the Court's analysis above stands. There are some differences between the named Plaintiffs and other class members to be sure, but the Court can deal with those matters if and when they arise. There is no requirement that everything match up 100%. The whole purpose of class action litigation is to streamline matters for the parties, the Court, and counsel. In this case, Plaintiffs have all suffered the same alleged injury: under-compensation. They all have the same general job duties and Defendants defenses are the same for all of them. As such, the Court finds

that the typicality requirement has been satisfied.

4. *Adequacy of Representatives*

Finally, Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Rule 23(a)(4) "serves to uncover conflicts of interest between named parties and the class they seek to represent" as well as the "competency and conflicts of class counsel." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 626 n.20 (1997). The court must consider two factors: (1) whether the named plaintiff and his counsel have any conflicts of interest with other class members and (2) whether the named plaintiff and his counsel will vigorously prosecute the action on behalf of the class. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 566 (9th Cir. 2019) (quoting *Hanlon*, 150 F.3d at 1020.

Defendants argue Plaintiffs fail on both counts.

First, Defendants argue that four of the Plaintiffs—representing New York, Kentucky, Colorado, and North Dakota—have identified an incorrect time frame relative to their state law class action claims because they seek to certify a class from the date of the original complaint (July 5, 2017); however, under Colorado, Kentucky, and New York law,[6] class actions are tolled *only* from the commencement of the class action under those state's specific laws. In other words, because Plaintiffs did not allege class action claims under those states' laws until they filed their Third Amended Complaint on May 6, 2019, those state law class claims do not extend back to the date of Plaintiffs' original Complaint.

---

[6] North Dakota has not settled this particular issue. Defendants summarily claim North Dakota likely wouldn't extend the applicable timelines. This is pure speculation.

As a result, Defendants reason that Plaintiffs essentially "*let 10 months' of putative class members claims expire*, thus creating an inherent conflict between them and (1) drivers whose claims altogether expired in the interim, and (2) putative class members who lost 10 months of claims due to the class representatives' procrastination." Dkt. 209, at 19 (emphasis in original).

Plaintiffs respond by noting first that they did not amend sooner in this case to add those state law claims because they were in settlement negotiations with Defendants. They contend Defendants should not now receive the benefit of Plaintiffs' efforts to compromise. The Court rejects this argument. A Plaintiff must be cognizant of any and all applicable deadlines and must meet them irrespective of potential settlement negotiations.

Plaintiffs also assert that the relation back doctrine applies. The Court agrees with this argument. Federal Rule of Civil Procedure 15(c)(1)(B) allows an amendment to "relate back" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

In their original complaint, Plaintiffs alleged Defendants[7] failed to pay overtime compensation as required by federal and state law. Dkt. 1. The claims of the Third Amended Complaint concern the same alleged conduct but add specific state law claims in New York, Kentucky, Colorado, and North Dakota under those states' laws to reinforce the federal claims already alleged. Because Plaintiffs' amended claims share a common

---

[7] Importantly, Defendants own and operate *all* of the stores at issue in this case and Plaintiffs listed the stores in Idaho, New York, Kentucky, and Colorado in the original complaint. Dkt. 1. North Dakota was added as part of Plaintiffs' First Amended Complaint. Dkt. 46. Defendants do not dispute these stores were part of this action *before* the specific state law claims were added. Dkt. 209, at 19.

core of operative facts with the original claims, the relation back doctrine applies.

Ultimately, the Court finds that Plaintiffs have not created a conflict barring them from acting as class representatives.

Second, Defendants argue the class representatives don't understand their roles because all they have done in this case to date is confer with their counsel and appear for depositions; they have not undertaking any affirmative steps to investigate the other class members' claims. This argument is a non-starter.

Defendants cite no authority for their assertion that the class representatives' failures to investigate other claims and/or familiarize themselves more fully with the legal nuances at issue are grounds for finding them inadequate. While a class representative must be familiar with the basic elements and "the gravamen" of his or her claim, he or she need not be "intimately familiar with every factual and legal issue in the case." *In re Worlds of Wonder Sec. Litig.*, 1990 WL 61951, at *3 (N.D. Cal. 1990); *see also In re THQ, Inc. Sec. Litig.*, 2002 WL 1832145, at *6–*7 (C.D. Cal. 2002) (finding named plaintiffs were not inadequate where one was unfamiliar with the names of six of the seven individual defendants and another was unaware of the results of prior motions to dismiss in the case).

Courts finding a named plaintiff inadequate have done so only in flagrant cases where the named plaintiffs knew literally nothing about the case. *See In re Facebook, Inc., PPC Advert. Litig.*, 282 F.R.D. 446, 454 (N.D. Cal. 2012), *aff'd sub nom. Fox Test Prep v. Facebook, Inc.*, 588 F. App'x 733 (9th Cir. 2014) (named plaintiff "testified in his deposition that he knows essentially nothing about the case"); *Bodner v. Oreck Direct, LLC*, 2007 WL 1223777, at *1–*2 (N.D. Cal. 2007) (plaintiff met his attorney in person

for the first time the day before his deposition, became involved in the action by responding to an advertisement by his attorney, did not read the complaint, and showed an "undeniable and overwhelming ignorance regarding the nature of [the] action, the facts alleged, and the theories of relief against defendant"); *In re Storage Technology Corp. Sec. Litig.*, 113 F.R.D. 113, 118 (D. Colo. 1986) (plaintiff "appeared unaware of even the most material aspects of [her] action . . . [not knowing] why these particular defendants are being sued . . . [and having] no conception of the class of people she purportedly represents").

Here, Plaintiffs' deposition testimony demonstrates that they are sufficiently familiar with the basis for the suit and their responsibilities as lead plaintiffs.

The Court finds the adequacy requirement met.

**B. Rule 23(b)**

As explained, in addition to meeting the four requirements of Rule 23(a), class actions must fall within one of the three types specified in Rule 23(b). Here, Plaintiffs contend this action satisfies Rule 23(b)(3) because there is a common question of law at issue.

Subsection (3) states that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Mirroring their arguments in support of Rules 23(a)'s commonality requirement, Plaintiffs assert the reasonableness of Defendants' reimbursement rate is the predominant question in this case and that resolving this all together as a class is superior to any other method.

MEMORANDUM DECISION AND ORDER – 15

As noted, *see infra* n.4, Defendants argued against commonality and predominance simultaneously. The Court will not regurgitate its analysis and findings above but notes the same reasoning applies here. While there are some variables the Court will need to address later in this case, other courts have often found that common issues predominate where an employer treats the putative class members uniformly with respect to compensation. *See, e.g.*, *Mevorah v. Wells Fargo Home Mortg.*, 571 F.3d 953, 958 (9th Cir. 2009) (observing that "courts have long found that comprehensive uniform policies detailing the job duties and responsibilities of employees carry great weight for certification purposes."); *Lewis v. Alert Ambulette Serv. Corp.,* 2012 WL 170049, at *13 (E.D.N.Y Jan. 19, 2012) ("[n]umerous courts have found that wage claims are especially suited to class litigation - perhaps the most perfect questions for class treatment . . . ."); *Ramos* v. *SimplexGrinnell, LP*, 796 F. Supp. 2d 346, 355 (E.D.N.Y. 2011) ("[c]laims by workers that their employers have unlawfully denied them wages to which they are legally entitled have repeatedly been held to meet the prerequisites for class certification."). The Court finds the common question of Defendants' reimbursement practices is a predominant matter in this case warranting certification. As described, the Court will address any state-specific nuances if they arise.

Defendants also latch on to the second half or Rule 23(b)(3)'s language, asserting that a class action is *not* a superior way to adjudicate this particular case. The Court understands Defendants' arguments that because there are potentially some variables at play in this case, certain issues may need to be addressed individually. Nevertheless, that does not mean that 1,590 separate lawsuits is more economical than a class action. In fact,

the opposite is true. A class action in the present situation is the superior method of adjudication. It will streamline resources and avoid potentially conflicting determinations.

The Court finds Plaintiffs' have met their burden under Rule 23(b) as there are common questions predominating this case and taking this matter up as a class is the superior method for fair and economical resolution.

## V. CONCLUSION

There are some matters in this case that are not a perfect fit for a class action. But perfection is not required, and the nuances here do not defeat the underlying purpose of Rule 23. "The purpose of a class action is to obviate the need for all similarly situated persons to file separate lawsuits when impractical to do so." *Cummings v. Connell*, 402 F.3d 936, 945 (9th Cir. 2005), *amended*, No. 03-17095, 2005 WL 1154321 (9th Cir. May 17, 2005). In this case, Plaintiffs are all similarly situated. They have identical job roles and identical claims against Defendants.[8] The resolution of Plaintiffs' claims should, therefore, be determined in the same forum. Such a course of action is beneficial for Plaintiffs *and* Defendants.

Based on the above analysis, the Court finds that Plaintiffs have met their burden under Rule 23(a)(1–4) and under Rule 23(b)(3). Accordingly, the Court will certify each class as defined by Plaintiffs in their opening brief. *See* Dkt. 192, at 8.

Additionally, Cory Edwards, Matthew Garber, Seth Thomas Sweeney, John Carrigan, and Jeffrey Smith are approved as class representatives for the various

---

[8] Defendants' defenses are, likewise, uniform against all Plaintiffs.

MEMORANDUM DECISION AND ORDER – 17

subclasses.

Biller & Kimble, LLC; Paul LLP; and Weinhaus & Potashnick are also approved as Class Counsel.

Finally, Plaintiffs are permitted to send notice of this lawsuit to putative class members pursuant to Rule 23(c)(2).

## VI. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Class Certification (Dkt. 192) is GRANTED.

2. Plaintiffs' Motions to Seal (Dkts. 190, 220) are GRANTED.

3. Plaintiffs Cory Edwards, Matthew Garber, Seth Thomas Sweeney, John Carrigan, and Jeffrey Smith are designated as representatives of each of their respective state classes.

4. The law firms of Biller & Kimble, LLC; Paul LLP; and Weinhaus & Potashnick are designated as Class Counsel.

5. The Court approves for dissemination, in the manner proposed by Plaintiffs, the form of Class Notification attached as Exhibit 10 to the motion for class certification. Dkt. 192-10.

DATED: June 7, 2022

David C. Nye
Chief U.S. District Court Judge