UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY EDWARDS, et al.,<br><br>*On behalf of himself and those*<br>*similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>PJ OPS IDAHO, LLC, et al.,<br><br>Defendants. | Case No. 1:17-cv-00283-DCN<br><br>**MEMORANDUM DECISION AND**<br>**ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants' Motion to Stay Proceedings Pending Appeal. Dkt. 230.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons outlined below, the Court GRANTS in PART and DENIES in PART the Motion.

## II. BACKGROUND

One of the looming questions in this hybrid FLSA/Rule 23 class action case is the rate of reimbursement. The Court and counsel have discussed resolving this matter at various times over the years, but nothing has materialized. During this same timeframe, the

parties have engaged in discovery and been working towards class certification. Various stays and delays over the years have altered the trajectory of this case and many times there has not been a formal scheduling order in place. Eventually, however, the Court set a deadline for class certification briefing and for briefing on the critical question of reimbursement. Dkt. 168.

On December 3, 2021, Plaintiffs filed a Motion seeking class certification for five classes—one each in Idaho, Colorado, Kentucky, New York, and North Dakota. Dkt. 192. Thereafter, the Court approved various extensions to the class certification briefing schedule. Dkts. 199, 201, 203, 207. These postponements, while warranted, naturally extended into the time set for discovery and briefing on the matter of reimbursement.

As a result, on March 4, 2022, the Court vacated all deadlines that were (at that time) still outstanding. Dkt. 218. The Court did this at the request of Plaintiffs, and over Defendants' objections. Because this case is complicated and there have been scheduling complications in the past, the Court deemed it best to "take matters up one at a time." *Id.* at 8. Accordingly, the Court vacated all deadlines, set a hearing for Plaintiffs' class certification motion, and asked the parties to begin drafting their motions for summary judgment on reimbursement. The Court indicated those motions would be due 30 days *after* the Court issued its decision on class certification.

The Court held a hearing on Plaintiffs' Motion for Class Certification on April 21, 2022, and took the matter under advisement. Dkt. 224.

On June 7, 2022, the Court issued a Memorandum Decision and Order granting Plaintiffs' Motion for Class Certification. Dkt. 225. As part of that order, the Court not

only granted class certification for the five sub-classes Plaintiffs requested, but also appointed class counsel and approved class notification. *Id*. at 18.

In accordance with its prior order—and because the Court issued its decision on class certification on June 7, 2022—the parties' deadline for filing summary judgment motions on the reimbursement question became July 7, 2022.

On June 21, 2022, the Court received notice that Defendants had filed a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) ("the Petition") before the Ninth Circuit. Dkt. 228.

On June 28, 2022, Defendants filed a Motion to Stay Proceedings in district court pending the resolution of their Petition. Dkt. 230. To avoid overlapping motion practice, the Court held in abeyance the July 7 deadline for summary judgment briefs so that the parties could focus on Defendant's Motion to Stay. Dkt. 231. Plaintiffs filed opposition to the Motion to Stay (Dkt. 232) and Defendants replied (Dkt. 233). The matter is ripe for adjudication.

### III. LEGAL STANDARD

A district court has authority to stay a case pending interlocutory appeal. *See Nken v. Holder*, 556 U.S. 418, 433 (2009). "A stay is not a matter of right . . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (cleaned up). The party seeking a stay bears the burden of demonstrating facts or circumstances justifying such relief. *Id.* at 433-34.

Federal Rule of Civil Procedure 23 outlines how an interlocutory appeal of a class certification ruling proceeds and also how a stay may be sought. *See* Fed. R. Civ. P. 23(f)

("An appeal [under Rule 23(f) does not stay proceedings in the district court unless the district judge or the court of appeals so orders."). A party must ordinarily first request this relief from the district court. Fed. R. App. P. 8(a)(1)(A).

The Supreme Court has identified four factors "regulating the issuance of a stay" pending interlocutory appeals, both at the district and appellate level:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken*, 556 U.S. at 433. "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434. Courts commonly apply these four factors to motions under Rule 23(f). *See, e.g., Altamura v. L'Oreal, USA, Inc*., No. 11–1067, 2013 WL 4537175, at *2 (C.D. Cal. Aug.26, 2013).

## IV. ANALYSIS

While Defendants seek a stay of "all proceedings in this matter," Dkt. 229, at 2, the only things "pending" are the summary judgment briefing and the class notice. The Court has already stayed summary judgment briefing and Plaintiffs have indicated they will not send out class notice until this matter is resolved.

The court will briefly review the four factors it must consider as part of its decision whether to grant or deny Defendants' Motion.

### A. Success on the Merits

Under the first prong, Defendants "need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez*, 640 F.3d 962, 966–78 (9th Cir. 2011).

Rather, they must show "serious legal questions are raised" by the appeal or that there is a "fair prospect" or "reasonable probability" of success, or a "substantial case on the merits." *Id.*

Defendants identify two issues they raised in their Petition they believe satisfy this prong: (1) whether "class claims relating back to the original Complaint may expand a state statute of limitations," and (2) "whether this Court applied the incorrect legal standards when it certified the state law classes under Rule 23." Dkt. 229, at 5–6.

The Court will not dissect Defendants' arguments on appeal in great detail; they are, after all, for the Circuit to decide. However, the Court must at least give a cursory review to the topics as part of its analysis today.

Frankly, the Court is somewhat perplexed by both issues Defendants raise in their Petition.

Taking up the topics in reverse order, the Court notes it is odd Defendants are arguing the Court applied the wrong legal standard in its prior decision when both parties (and the Court) briefed and followed the typical Rule 23 standards for class certification. *Compare* Dkt. 225, at 2–3 (the legal standard from the Court's decision) with Dkt. 192, at 4–6 (Plaintiffs legal standard) and Dkt. 209, at 8–9 (Defendants legal standard).

The Court is also concerned about Defendants' first argument because it omits critical context from the Court's prior decision and reads into the decision a conclusion that was never formally rendered.

Defendants argue the Court impermissibly extended various state statutes of limitations when it found Rule 15's "relation back" doctrine applied in this case. The Court

did find that Rule 15 applied; but again, context is key.

To begin, the Court's entire analysis on this topic comprised just two paragraphs of its prior decision. Dkt. 225, at 13–14. Second, the discussion on Rule 15 was part of the Court's analysis under Rule 23(A)(4) regarding whether Plaintiffs' Counsel would fairly and adequately protect the interest of the class. It was not an in-depth discussion regarding statutes of limitations, tolling, or Rule 15.[1] Defendants had argued that because Plaintiffs had not filed their state law claims until some 10 months *after* their original complaint, Plaintiffs' counsel had created a conflict of interest with those prospective class members (and even current class members whose damages window had shrunk). Defendants noted that some states at issue—but not all—had spoken on this issue and did not allow for tolling beyond the applicable statute of limitations.

Plaintiffs argued the relation back doctrine applied, and the Court agreed. Importantly, however, the Court *never* formally said that it would ignore applicable statutes of limitations or that its decision trumped those statutes.

The Court is not trying to parse a fine hair. Nor is it trying to "walk-back" its prior ruling. The Court's decision stands. However, the fact of the matter is: Defendants raised this issue in a somewhat narrow circumstance. The Court found Rule 15 applied to that narrow circumstance. *But* the Court never opined that its ruling would supersede any applicable statute of limitations. To be candid, the Court specifically did not discuss this matter in depth because the answer is undetermined in some states. Even defendants admit

---

[1] The parties' briefs on the matter were likewise short and concise. *See* Dkt. 209, at 19; Dkt. 221, at 9-10.

as much. Dkt. 209, at 19 (explaining that under Colorado, Kentucky, and New York law, tolling only applies once the state law claims are added and *speculating* that North Dakota would follow suit).

The parties cannot read the Court's mind. But the Court's plan was to address these issues when, and if, they became relevant. Dkt. 225, at 10 ("Should any specific state-law analysis become necessary, the Court will take that up in due course and tailor those nuances to the specific subclass."); *Id*. at 16 ("[t]he Court will address any state-specific nuances if they arise.").

The Court frankly does not know if this will even become an issue, or, if it does, how big of an issue it will be. Defendants did not raise this as part of a broader objection to class certification, but in the narrow context of the question dealing with adequate representation.[2] Defendant could have filed a motion to reconsider or a motion to clarify.[3] They could have waited until these matters actually became an issue. Instead, however, they have sought appellate review. The Court is not implying the question is not worthy of resolution. Whether Rule 15 supersedes state law statutes of limitations is an interesting and important question. Had there been caselaw available on the subject, the parties (and the Court) would have utilized it in this case. But the Court is concerned that this ancillary matter will derail a case that is already over five years old.

---

[2] To be clear, the Court is not implying Rule 15 applies only for purposes of "adequacy of representation" purposes but not the underlying claims. Again, the Court's decision is what it is: Rule 15 applies.

[3] The Court is not advocating for motions to reconsider or motions to clarify. The Court's docket is busy enough without parties asking the Court to revisit matters multiple times. That said, the parties could have informally discussed the matter with the Court to "feel out" the best way to proceed—via a motion to clarify or a motion to appeal. That ship, however, has already sailed.

MEMORANDUM DECISION AND ORDER – 7

In sum, the Court finds that Defendants have raised an interesting question. Whether it's a "serious" question is within the eye of the beholder. However, even if the Circuit were to agree with Defendants and reverse the Court's ruling that Rule 15 applies, that does not mean the class is completely unraveled. Again, the Court found that this "10 months issue" did not create a conflict *in light of* Rule 15. But the Court could still find there is no conflict even *in spite of* the 10-month delay. Thus, there will still be a class in this case—albeit possibly a smaller one. At best, this factor leans slightly towards a stay.

## B. Irreparably injury

Defendants assert various injuries without a stay. The Court is only persuaded by two arguments on this wise.

First: if the Court were to send out notice and the Circuit were to reverse the Court's class certification decision, such would likely cause a lot of misunderstanding with prospective class members. Notices might need to be recalled, modified, and/or reissued. This would prove costly and confusing. As mentioned, however, Plaintiffs have already agreed dissemination of notice can wait until the Circuit rules on Defendants' Petition. They simply ask that Defendants prepare the class list/s so that once the Circuit rules, there is not another delay. This seems reasonable to the Court and alleviates one of Defendants concerns.

Second, Defendants argue that were the Court to proceed with briefing on the reimbursement issue, it would cause injury because it might be unnecessary work and—hearkening to its position throughout this case—might violate the one-way intervention

doctrine.[4] The Court disagrees on both fronts.

As a threshold matter, regardless of the Circuit's decision on Defendants' Petition, the reimbursement question *still needs to be answered in this case*. True, the number of Plaintiffs to which it could apply might change, but the matter needs to be decided nonetheless.[5] As for its second concern, the Court has already discussed Defendants' gamesmanship around this issue. Dkt. 218, at 2 n.1. Defendants dodged the question of reimbursement for years and then used that unanswered question to oppose summary judgment. In any event, the time to answer this question is now. The fact of the matter is that briefing (and a hearing) on the reimbursement matter will likely take longer than the Circuit's resolution of Defendants' Petition. And if Defendants are concerned about the one-way intervention doctrine, they can always move the Court to have the order on the matter sealed until after the class certification question is settled. So long as good cause is shown, the Court would grant the request.

In sum, the Court finds Defendants will not suffer any harm absent a stay in this case OR that any harm cannot be mitigated. This factor is more or less neutral.

---

[4] Defendants have argued for years that the one-way intervention doctrine precludes resolution of the reimbursement question *prior* to class certification. In its simplest terms, the one-way intervention doctrine outlines that class members should not be able to see how a case will play out before deciding whether to opt out. Defendants argue if class members know which method of reimbursement the Court will use, they might opt out; thus, violating the rule. The Court has never formally ruled whether the one-way intervention doctrine applies in this circumstance or not.

[5] Also, because Defendants filed their Motion to Stay only a few days before the summary judgment motions were due, the Court can only assume they had their brief near completion. What's more, the Court told the parties to begin working on their briefs months ago. Dkt. 218, at 9.

### C.  Injury to Plaintiffs

Defendants assert there is no harm to Plaintiffs here because all that is lost is time. The Court disagrees. The loss of time is a harm. This case has been pending for some time. Some of the delay can be attributed to the parties,[6] but mostly to the nature of complex litigation. Irrespective of *why* the matter has taken so long, the fact remains Plaintiffs (and Defendants) deserve resolution of this matter. This factor leans against a stay.

### D.  Public Interest

Public interest on this matter cuts both ways. The public has an interest in the swift resolution of cases and controversies, but it also has an interest in resolving difficult legal questions. This factor is more or less neutral.

### E.  Conclusion

The question raised by Defendants related to Rule 15 and state statutes of limitation is an important question. The Court is not entirely convinced the matter needs emergency resolution at this moment, but Defendants have pursued that route. The Court does not feel, however, that a full stay is necessary to protect Defendants' interest. Defendants can pursue its appeal and the Court can continue on with other matters in this case that must, of necessity, be adjudicated.

The Court, therefore, will GRANT in PART and DENY in PART Defendants Motion.

First, the Court will not proceed with dissemination of notice to class members at

---

[6] The Court does not mean this in a bad way. For example, the parties sought a stay years ago to pursue mediation. That is "attributed" to the parties, but was a worthwhile delay.

MEMORANDUM DECISION AND ORDER – 10

this time as the class *may* change. Defendants should, however, marshal the information necessary to compile the appropriate lists so they can be prepared to turn that over to Plaintiffs within fourteen days of any decision by the Circuit on Defendants' Petition.

Second, the Court will proceed with resolving the matter of legal reimbursement. The Court is not aware of whether there will be a single motion, or cross motions, on this matter. Regardless, any motion on this topic shall be filed on or before August 5, 2022. The Courts standard briefing schedule will follow. A hearing will be set in due course.[7]

## V. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Stay Proceedings Pending Appeal (Dkt. 230) is GRANTED in PART and DENIED in PART as outlined above.

   a. Class notice shall not issue until further notice; however, Defendants should begin compiling the appropriate data.

   b. The parties' motion/s for summary judgment on reimbursement are due on or before **August 5, 2022**.

DATED: July 26, 2022

David C. Nye
Chief U.S. District Court Judge

---

[7] Again, as discussed in previous communications, the parties can stipulate to the Court deciding the matter despite the one-way intervention rule OR the Court can seal its decision—which again is likely some time away—so that prospective Plaintiffs cannot "game" the system.

MEMORANDUM DECISION AND ORDER – 11