UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY EDWARDS, et al.,<br><br>*On behalf of himself and those similarly situated,*<br><br>    Plaintiffs,<br><br>v.<br><br>PJ OPS IDAHO, LLC, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00283-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion for Reimbursement of Fees and Costs. Dkt. 272. Defendants filed a Response (Dkt. 275) and Plaintiffs replied (Dkt. 278). The matter is now ripe for review. Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented, and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court will rule on the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the GRANTS the Motion.

## II. BACKGROUND

This is a putative hybrid Rule 23 class and 29 U.S.C. § 216(b) collective action. Plaintiffs, who worked as pizza-delivery drivers for Defendants, assert violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and various state laws. *See*

*generally* Dkt. 184. In simple terms, Plaintiffs assert Defendants underpaid them and/or failed to adequately reimburse them for certain vehicle-related expenses they incurred during their employment.

On May 15, 2018, the Court conditionally certified a § 216(b) FLSA collective action. Dkt. 67. On June 7, 2022, the Court certified five Rule 23 Classes. Dkt. 225. After certification, Plaintiffs began efforts to notify class members. In furtherance of their efforts, they contacted Defendants, looking for the contact information for Defendants' former employees. After much delay, Defendants ultimately confessed that they had lost access to much of the information sought by Plaintiffs after a change in payroll providers. The payroll change took place in 2016, but Defendants acknowledge that they maintained access to employee data until "some point after May 2018." Dkt. 275, at 7.

Once efforts to obtain the information via other avenues proved fruitless, Plaintiffs opted to use publication notice to reach potential class members. Plaintiffs now request reimbursement for the costs related to such notice.

### III. LEGAL STANDARD

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve evidence in pending or reasonably foreseeable litigation." *Roost Project, LLC v. Andersen Constr. Co.*, 2020 WL 6273977, *1 (D. Idaho Oct. 26, 2020) (cleaned up). Federal Rule of Civil Procedure 37(e) addresses the spoliation of electronically stored information ("ESI"). The rule states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take

MEMORANDUM DECISION AND ORDER - 2

> reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> 
> (1) Upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice . . . .

Fed. R. Civ. P. 37(e).

An analysis under Rule 37(e) consists of four factors: 1) whether the contested information qualifies as ESI; 2) whether the ESI is "lost" and "cannot be restored or replaced through additional discovery;" 3) whether the ESI "should have been preserved in the anticipation or conduct of litigation;" and 4) whether the responding party failed to take reasonable steps to preserve the ESI. *Roost Project*, 2020 WL 6273977, at *2; *Colonies Partners, L.P. v. Cnty. Of San Bernardino*, 2020 WL 1496444, *2 (C.D. Cal. Feb. 27, 2020), *report and recommendation adopted* 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020); Fed. R. Civ. P. 37(e).

If these factors are established and the Court finds that another party has been prejudiced by the loss of the ESI, it "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). The party moving for spoliation sanctions under Rule 37 bears the burden of establishing spoliation by demonstrating that the non-moving party destroyed information or data and had some notice that the information was potentially relevant to the litigation before it was destroyed. *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015).

## IV. ANALYSIS

### A. Whether the Employee Information Constitutes ESI

As an initial matter, neither party disputes that the contested employee information

constitutes ESI. The Committee Notes to Rule 34 emphasize that ESI should be understood broadly, encompassing "any type of information that is stored electronically." Fed. R. Civ. P. 34 advisory committee's note to 2006 amendment. The employee contact data kept by Defendants' payroll provider clearly falls under that umbrella. Accordingly, the court finds that the first factor has been established.

### B. Whether the ESI was Lost and Cannot Be Otherwise Restored

On the question of whether the employee contact information has been lost and cannot be restored through additional discovery, Plaintiffs aver that they have subpoenaed Defendants' parent company and its former payroll provider, neither of whom were able to produce the requested information. Dkt. 272-1, at 15. Defendants do not deny or otherwise rebut this argument. Accordingly, the Court concludes that the employee contact information has been lost and cannot be restored through additional discovery.

### C. Whether the ESI Should Have Been Preserved in Anticipation of Litigation

"A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Bown v. Reinke*, 2016 WL 107926, *5 (D. Idaho Jan. 8, 2016); *see also Lopez v. Santoyo*, 2012 WL 5427957, *7 (S.D. Cal. Nov. 7, 2012) ("[A] litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, [or] is reasonably likely to be requested during discovery . . . ."). This duty of preservation begins, not with the filing of a complaint, but rather, as soon as a party "reasonably should have known that the evidence [was] relevant to anticipated litigation." *Lopez*, 2012 WL 5427957, at *7; *In re Napster,*

MEMORANDUM DECISION AND ORDER - 4

*Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (stating that the preservation duty arises "[a]s soon as a potential claim is identified[.]")

Plaintiffs filed their initial Complaint on July 5, 2017. Dkt. 1. Therein, Plaintiffs alleged that Defendants owned and operated stores in Kentucky, Kansas, Colorado, Louisiana, and New York. *Id.*, ¶¶ 47, 59. Plaintiffs also asserted a collective action against Defendants "on behalf of themselves and all similarly situated current and former delivery drivers employed at the PJ Ops Stores or at other stores in Kentucky, Kansas, Colorado, Louisiana, [and] New York[.]" *Id.*, ¶ 184. Defendants were served with the Complaint in late July 2017. Dkts. 9–15.

On December 11, 2017, Defendants, through counsel, proposed an "early resolution framework" for the cases. Dkt. 272-2, at 3. Part of that proposed framework involved Plaintiffs "forego[ing] all state class action wage claims." *Id.* In response to Defendants' proposal, Plaintiffs indicated they were generally amendable to the proposed framework, but that if the case did not settle, they "fully intend[ed] to pursue state law claims and, if the state laws allow[ed], proceed as a Rule 23 class/collective action." *Id.* at 2. Three months later, in another communication, Defendants' counsel stated, "We understand the plaintiffs aren't willing to forego state class claims, though as it stands there is only an Idaho wage claim act claim." Dkt. 272-3, at 2.

Defendants assert they did not, and could not, have anticipated Plaintiffs' state-law claims, nor the relevance of the contact information of their employees in Colorado, Kentucky, New York, or North Dakota until 2019, when Plaintiffs amended their Complaint to include claims under the laws of each of those states. Plaintiffs counter that

MEMORANDUM DECISION AND ORDER - 5

the parties' email correspondence clearly indicates Defendants recognized and anticipated the filing of state law claims not originally included in the Complaint. The Court agrees with Plaintiffs.

As of December 2017, the only state-law claim Plaintiffs had asserted against Defendants arose under Idaho law. Dkt. 46. Thus, when, in an email to Defendants, Plaintiffs asserted that they fully intended to pursue available state law *claims*—instead of the single Idaho state-law claim they had *already raised*—a reasonable defendant would have anticipated more state-law claims to be filed, particularly claims under the laws of the states the plaintiff had specifically identified in the complaint. Defendants' email from March 2018 indicates that this was their understanding. *See* Dkt. 272-3, at 2. In that email, Defendants made clear that they were anticipating Plaintiffs' filing of additional state law claims, and they appear to ask Plaintiffs to file those claims as soon as possible. *Id.* (noting that an amended complaint that included additional state-law claims would help Defendants to "see the full scope of the case going forward"). If Defendants knew that additional state-law claims were imminent—and the Court finds that they did—then they should have known that the contact information of their employees in those states would be relevant and worth preserving.

Defendants try to defend against Plaintiffs' spoliation charge by arguing that they had no reason to anticipate the relevance of their employee contact information in January 2016 when they switched payroll providers. Dkt. 275, at 7. But this argument is disingenuous at best. The Court acknowledges that, had Defendants *lost access* to their employee contact information when they switched providers in 2016, then Defendants

MEMORANDUM DECISION AND ORDER - 6

would have been absolved of any subsequent duty of preservation arising out of their receipt of notice of Plaintiffs' state-law claims in late 2017. After all, one cannot preserve information to which one does not have access. But, as noted above, Defendants readily admit they maintained access to employee contact information in the system of their previous payroll provider until sometimes after May 2018—at least six months beyond Plaintiffs' statement of intent to pursue state-law claims and at least three months beyond Defendants' request that Plaintiffs file those claims promptly. Accordingly, the date of Defendants' payroll switch is inapposite.

Defendants cite to caselaw that states a court must find lost or destroyed evidence to be "relevant or material" before awarding sanctions for spoliation. *See id.* at 9. They then spend significant time arguing that the lost employee contact information was not relevant to Plaintiffs' claims. *Id.* at 9–10.

The Court notes that in each of the cases Defendants cite in making this argument, the district court invoked its inherent power to sanction, and not its power under Rule 37. *See Root v. Montana Dept. of Corrections*, 2021 WL 1597922, *4 (D. Mont. Apr. 23, 2021); *Wooten v. BNSF Ry. Co.*, 2018 WL 2417858, *8 (D. Mont. May 29, 2018); *Reinsdorf v. Skechers U.S.A.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013); *Lavell Enters., Inc. v. Am. Credit Card Processing Corp.*, 2007 WL 4374914, *11 (D. Mont. Dec. 11, 2007. However, the 2015 amendment to Rule 37 forecloses reliance on inherent authority in situations involving the failure to preserve ESI. Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment. Instead, the Rule 37 analysis is controlling.

Defendants argue in passing that the analysis under Rule 37 is "much the same" as

MEMORANDUM DECISION AND ORDER - 7

the analysis under the Court's inherent authority. Dkt. 275, at 5 n.4. This is not true. *See Root*, 2021 WL 1597922 at *2–5 (setting forth the separate standards, applying the Rule 37 analysis to ESI, and applying the separate, inherent-power analysis to paper notes). However, even if Rule 37 required the Court to perform a relevance inquiry, it would be of little benefit to Defendants. Ninth Circuit district courts have regularly recognized the relevance and discoverability of class member contact information. *See, e.g.*, *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 168–69 (E.D. Cal. 2022) (holding that class contact information is relevant for questions of commonality and typicality); *see also Perez v. DirecTV Grp. Holdings, LLC*, 2020 WL 3124353, *2 (C.D. Cal. May 14, 2020).

In sum, the Court finds that Defendants knew of Plaintiffs' imminent state-law claims while they still had access to the contact information of their employees. That information should have been preserved in anticipation of litigation.

### D. Whether Defendants took Reasonable Steps to Preserve the ESI

A party with actual or constructive knowledge of its duty to preserve ESI must take reasonable steps to preserve the ESI. Fed. R. Civ. P. 37(e). At a minimum, this involves "suspend[ing] any existing policies related to deleting or destroying files and preserv[ing] all relevant documents related to the litigation." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1052 (S.D. Cal. 2015). In addition, parties also often employ litigation holds or protective orders to protect relevant information from destruction. *Colonies Partners*, 2020 WL 1496444, at *8.

Here, Plaintiffs have shown that Defendants knew state-law claims were imminent and that there was a window of time in which Defendants could have acted to preserve the

MEMORANDUM DECISION AND ORDER - 8

contact information of their employees. Defendants did not do so. Plaintiffs have also shown that neither Defendants' prior payroll provider nor their parent company had access to the contact information. For their part, Defendants have not shown that they took *any* efforts to preserve the information. Accordingly, the Court finds that Defendants did not take reasonable steps to preserve the disputed ESI.

### E. Whether Plaintiffs Were Prejudiced by the Loss of the ESI

Having determined that the four requirements of the Rule 37(e) analysis have been satisfied here, the Court turns now to whether Plaintiffs were prejudiced from the loss of the employee contact information. "Prejudice exists where 'the [spoiling party's] actions impaired [the moving party's] ability to go to trial or threatened to interfere with the rightful decision of the case.'" *RG Abrams Ins. v. L Offs. Of C.R. Abrams*, 342 F.R.D. 461, 507 (C.D. Cal. 2022) (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Contr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988)). "The rule does not place a burden of proving or disproving prejudice on one party or the other." Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment. Instead, it "leaves judges with discretion to determine how best to assess prejudice in particular cases." *Id.*

As an initial—and obvious—matter, Defendants' inaction required Plaintiffs to expend time and resources on issuing publication notice that they would not have had to spend if Defendants had preserved their employees' contact information. A fundamental prerequisite to proceeding to trial in a class or collective action is assembling the class or collection of plaintiffs. *See* Fed. R. Civ. P. 23(c), (e)(1). Where, as here, a defendant's actions (or inactions) make it more difficult for a plaintiff to do so, the defendant has plainly

MEMORANDUM DECISION AND ORDER - 9

impaired the plaintiff's ability to go to trial. Additionally, because class contact information is relevant for questions of commonality and typicality (*see Holland-Hewitt*, 343 F.R.D. at 168–69), the loss of class contact information certainly threatens to interfere with the rightful decision of the case.

Defendants argue that the term "prejudice" as used in Rule 37 contemplates a level of harm beyond mere expense. Dkt. 275, at 11. In support of this contention, they appeal to a handful of Ninth Circuit cases involving spoliation more extreme than what took place here. *Id.* But the fact that an egregious act of spoliation comfortably satisfies the prejudice standard does not mean that a less egregious act cannot satisfy that same standard. Further, none of the cases to which Defendants cite involve sanctions imposed under Rule 37(e)(1). *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) ("We find that the district court acted well within its discretion . . . pursuant to its inherent power. We therefore need not address whether dismissal was appropriate under the authority of Rule 37."); *Leon v. IDX Systems Corp.*, 464 F.3d 959, 958 (9th Cir. 2006) ("In this case, the district court relied on its 'inherent authority' in sanctioning Leon because Leon's conduct was not in violation of any discovery order governed by Rule 37."); *Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 478–79 (9th Cir. 2020) (discussing dispositive sanctions, as contemplated by Rule 37(e)(2)); *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998) (reviewing a district court's grant of dispositive sanctions under Rule 37(e)(2)).

Although the contact information of Defendants' former employees may not relate to events "at the heart of this case," *Milke*, 497 F. Supp. 3d at 469, the Court finds that the

MEMORANDUM DECISION AND ORDER - 10

loss of such information still satisfies the standard set forth in *Abrams* and *Kahaluu*—that is, it impaired Plaintiffs ability to conduct meaningful discovery and threatened to interfere with the rightful decision of the case. *Abrams*, 342 F.R.D. at 507. Therefore, because Defendants' actions prejudiced Plaintiffs, sanctions are warranted.

Before moving on to its discussion of sanctions, the Court will briefly address Defendants' citation to *Oppenheimer Fund, Inc. v. Sanders*, wherein the Supreme Court stated that plaintiffs should bear the cost of notifying a class because plaintiffs, not defendants, choose to proceed in the form of a class action. 437 U.S. 340, 349, 356 (1978). As a general rule, the approach in *Oppenheimer* makes good sense—a defendant should not be punished for a plaintiff's strategic decisions. However, this rule is not absolute. "[O]ccasionally, the district court has some discretion in allocating costs" associated with class notification. *Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009). Here, where Defendants have engaged in spoliation, the Court deems its appropriate to exercise such discretion to compel Defendants to shoulder the costs caused by their spoliation.[1]

**F. Sanctions**

Having found that Plaintiffs were prejudiced by Defendants' conduct, the Court is authorized to employ sanctions "no greater than necessary to cure the prejudice[.]" Fed. R. Civ. P. 37(e)(1). The discretion afforded to the Court in doing so is "quite broad." Fed. R.

---

[1] Furthermore, the information here was initially in Defendants' possession. Thus, the Court's concern is not how Plaintiffs opted to structure their case, but the fact that when they requested discovery to send notice—notice they normally would have paid for—the information was nowhere to be found.

Civ. P. 37 advisory committee's note to 2015 amendment. District courts have regularly found awards of attorney's fees and other monetary sanctions to be valid exercises of such discretion. *See Colonies Partners* 2020 WL 1496444, at *12–13; *see also Spencer v. Lunada Bay Boys*, 2018 WL 839862, *1 (C.D. Cal. Feb. 12, 2018) (collecting cases), *aff'd*, 806 F. App'x 564 (9th Cir. 2020).

When a court analyzes a request for attorney's fees, the party requesting fees "has an initial burden of production, under which it must produce satisfactory evidence establishing the reasonableness of the requested fee. This evidence must include proof of market rates in the relevant community (often in the form of affidavits from practitioners), and detailed documentation of the hours worked." *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1077 (9th Cir. 2021) (cleaned up). If the fee applicant carries this burden, then the reviewing court will determine the reasonableness of the fees requested via the loadstar method. *See, e.g.*, *Hanigan v. OpSec Security, Inc.*, 2023 WL 6878762, at *2 (D. Idaho Oct. 18, 2023). Typically, this analysis "will involve considering both the proponent's evidence and evidence submitted by the fee opponent challenging the accuracy and reasonableness of the facts asserted by the [requesting party]." *Seachris*, 994 F.3d at 1077 (cleaned up).

Here, Plaintiffs seek attorney's fees and costs associated with their efforts in issuing publication notice and bringing the instant motion. *See generally* Dkt. 272-1, at 16–18.[2] In support of their requests, Plaintiffs have submitted a rather paltry table, outlining in broad

---

[2] Specifically, Plaintiffs request $21,458.00 in attorneys' fees and $20,148.91 in costs associated with publication notice. Dkt. 272-1, at 16.

MEMORANDUM DECISION AND ORDER - 12

strokes the costs and fees for which they seek reimbursement. Dkt. 272-1, at 18. The table contains no information specifying billing rates, the attorneys charging those rates, or when the work was performed. *Id.* Perhaps recognizing the insufficiency of their table, Plaintiffs state that, upon request, they can "submit their detailed, itemized, and contemporaneous billing records" to the Court. Given the specificity requirements from *Seachris* and the information necessary to perform a loadstar analysis, the Court finds that such a submission is needed before it can determine an appropriate fee award.[3] Accordingly, the Court grants Plaintiffs fourteen (14) days from the date of this order to file a copy of their detailed, itemized, and contemporaneous billing records and costs.[4] Defendants will have fourteen (14) days from that day to raise any challenges they deem appropriate to Plaintiffs' submission, and Plaintiffs will have seven (7) days to respond. Defendants' response and Plaintiffs' reply briefs will be limited to 10 pages.

## V. CONCLUSION

In summary, the contact information of Defendants' former employees qualifies as ESI, it was lost and cannot be restores or replaced through additional discovery, it should

---

[3] Plaintiffs suggest that their billing records should be reviewed by only the Court, and not Defendants. Dkt. 272-1, at 18. As noted above, when applying the loadstar method, courts generally allow the party opposing fees to challenge submissions from the fee applicant. *Seachris*, 994 F.3d at 1077; *see also Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1062 (S.D. Cal. 2015) (requiring the party requesting fees to submit detailed documents supporting its request and to share a cope with opposing counsel). The Court sees no reason to break from that practice here.

[4] No motion should accompany Plaintiffs' submissions. The Court has already determined an award is appropriate; the only remaining question is the amount of that award. Thus, this supplemental information should include a simple explanation of the requested fees, rates, and costs; itemized copies of all requested fees and costs; and any affidavits for the relevant market rate. Defendants can raise any appropriate challenges and Plaintiffs can reply. In their reply, Plaintiffs should include all fees incurred in the filing of the supplemental submission and reply. The Court will then decide the final amount of the award.

have been preserved in the anticipation of litigation, and Defendants failed to take reasonable steps to preserve the information. Therefore, the Court finds an award of attorney's fees and costs associated with the issuance of publication notice and the bringing of this Motion to be appropriate.

However, Plaintiffs have not submitted billing records with sufficient detail to allow the Court to determine the actual amount of the sanctions award. Once the Court has received the relevant information (and any response and reply) it will determine the final amount.

## VI. ORDER

The Court HEREBY ORDERS:

1. Plaintiffs' Motion for Reimbursement of Fees and Costs (Dkt. 272) is GRANTED.

    a. Plaintiffs shall submit their detailed billing and costs records within fourteen days of the date of this order.

    b. Short briefing will follow as outlined above and the Court will make a final determination.

DATED: May 7, 2024

David C. Nye
Chief U.S. District Court Judge