UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY EDWARDS AND JAMES HOLLINGSWORTH, *On behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>PJ OPS IDAHO, LLC, ET AL.,<br><br>Defendants. | Case No. 1:17-cv-00283-DCN<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

The Court, having reviewed Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement Between Plaintiffs Cory Edwards, James Hollingsworth, Matthew Garber, John Carrigan, Seth Thomas Sweeney, and Jeffrey Smith, on behalf of themselves, the FLSA opt-in plaintiffs, and the class of delivery drivers in Idaho, Colorado, Kentucky, New York, and North Dakota with Defendants PJ Holdings KY, LLC; PJ Ops Idaho, LLC; PJ Ops Kansas, LLC; PJ Ops Colorado, LLC; PJ Ops Louisiana, LLC; PJ Ops New York, LLC; PJ Operations, LLC; PJ West Fargo, LLC; PJ Falcon Colorado, LLC; PJ Colorado Springs Co Op, LLC; PJ Ops Minnesota, L.L.C.; PJ Acquisitions, LLC; David "Dougie" Allen; and Tom Wylie (collectively "Defendants"), hereby ORDERS and ADJUDGES as follows:

1. The Motion for Preliminary Approval of Class and Collective Action Settlement (Dkt. 295), including the Settlement Agreement attached thereto as Exhibit 1 (Dkt. 295-1), is hereby GRANTED.

ORDER - 1

2. Under R. Civ. P. 23(b)(3), the following Proposed Class is certified for settlement purposes:

> All former delivery driver employees employed at one or more of the Defendants' stores in Idaho between July 5, 2015, and December 12, 2024, Colorado between July 5, 2014, and December 12, 2024, Kentucky between July 5, 2012, and December 12, 2024, New York between July 5, 2011, and December 12, 2024, and North Dakota between July 5, 2012, and December 12, 2024.

3. Under Section 216 of the Fair Labor Standards Act, the following Proposed FLSA Collective Action is also certified, for settlement purposes, as a collective action:

> All former delivery driver employees who opted into the Lawsuit.

4. For the purposes of preliminarily approving the proposed settlement, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiff are typical of the claims of members of the Proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

5. For purposes of preliminarily approving the proposed settlement, that the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

6. The Court's conditional findings are limited solely to the claims brought on behalf

ORDER - 2

of the Proposed Class. The Court's findings are for purposes of certifying the Rule 23 class and the FLSA collective action for settlement purposes only and will not have any claim or issue preclusion or estoppel effect in any other case or action, or in this case, if the settlement is not finally approved.

7. The proposed settlement falls within the range of reasonableness and, therefore, the Court grants preliminary approval of the settlement. Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims, and that the Court is likely to approve the settlement.

8. The Notices of Settlement and the procedure set forth in the Settlement and Release Agreement for providing notice to the classes will provide the best notice practicable, satisfy the notice requirements of Rule 23(e), adequately advise the Proposed Class of their rights under the Settlement Agreement and, therefore, meet the requirements of due process and are approved.

   a. The Notices of Settlement fairly, plainly, accurately, and reasonably inform the Proposed Subclasses of: (1) appropriate information about the nature of this Action, the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the class representative's service payment and the Class Counsel's attorneys' fees and litigation costs award; (3) appropriate

      information about how to claim a share of the proceeds under the settlement, and about the Proposed Class members' right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement or submit an opt-out request, if a Proposed Class member wishes to do so; and (5) appropriate instructions about how to obtain additional information regarding this case and settlement.

  b. The proposed plan for mailing the Notices of Settlement and the Claim Form by first class mail and email to the Proposed Class members' last known addresses is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement. Likewise, the proposed plan of allowing the third-party claims administrator to take reasonable measures to update contact information is likewise appropriate.

9. The Motion for Attorney Fee Award, seeking $700,000 in attorneys' fees and $566,761.65 in costs requested are provisionally approved. The Court finds that it is likely to approve the fees and costs as part of the settlement at the final hearing, taking into account any objections.

10. The proposed service awards are preliminarily approved, absent any objections at the Final Fairness Hearing.

11. The administration fees, approximately $23,500.00, are reasonable and therefore approved.

12. The Parties are ordered to carry out the settlement according to its terms.

13. A Final Fairness Hearing will be held on **April 13, 2026, at 2:00p.m.** in Courtroom

ORDER - 4

One at the James A. McClure Federal Building and United States Courthouse, 550 West Fort Street, Boise, Idaho, 83724. Any objectors wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Final Hearing to present such objections.

14. That any pleadings in support of the proposed settlement shall be filed by at least 10 days before the Final Fairness Hearing. In the event that the settlement is not finally approved, or otherwise does not become effective, the Parties shall revert to their respective positions as of before entering into the settlement.

DATED: November 3, 2025

_____
David C. Nye
Chief U.S. District Court Judge

ORDER - 5