IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORY EDWARDS AND JAMES HOLLINGSWORTH, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>PJ OPS IDAHO, LLC, ET AL.,<br><br>Defendants. | Case No. 1:17-cv-00283-DCN<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

## I. INTRODUCTION

Plaintiffs Cory Edwards, James Hollingsworth, Matthew Garber, John Carrigan, Seth Thomas Sweeney, and Jeffrey Smith, on behalf of themselves, the FLSA opt-in plaintiffs, and the class of delivery drivers in Idaho, Colorado, Kentucky, New York, and North Dakota have reached a settlement agreement with Defendants PJ Holdings KY, LLC; PJ Ops Idaho, LLC; PJ Ops Kansas, LLC; PJ Ops Colorado, LLC; PJ Ops Louisiana, LLC; PJ Ops New York, LLC; PJ Operations, LLC; PJ West Fargo, LLC; PJ Falcon Colorado, LLC; PJ Colorado Springs Co Op, LLC; PJ Ops Minnesota, L.L.C.; PJ Acquisitions, LLC; David "Dougie" Allen; and Tom Wylie (collectively "Defendants"). On November 3, 2025, the Court preliminarily approved the parties' class and collective action settlement and certified the following class for settlement purposes:

> All former delivery driver employees employed at one or more of the Defendants' stores in Idaho between July 5, 2015, and December 12, 2024, Colorado between July 5, 2014, and December 12, 2024, Kentucky between

> July 5, 2012, and December 12, 2024, New York between July 5, 2011, and December 12, 2024, and North Dakota between July 5, 2012, and December 12, 2024.

*See* Order Granting Plaintiffs' Unopposed Motion for Preliminary Settlement Approval (Dkt. 297). Notice was administered to settlement class members and the Court held a Final Fairness Hearing on April 13, 2026.

The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, all exhibits attached thereto, and has considered the filings, records, pleadings, and arguments of Counsel in the matter. Based on the record before it, the Court GRANTS the Plaintiffs' Unopposed Motion for Final Approval of Class and FLSA Collective Action Settlement (Dkt. 300, 300-1) and Plaintiffs' Unopposed Motion for Attorneys' Fee Award (Dkt. 296).

## II. BACKGROUND

### A. Plaintiffs' Claims

This is a hybrid Fair Labor Standards Act ("FLSA") collective action under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23 class action with five certified classes, including classes of delivery driver who worked for Defendants in Idaho, Colorado, Kentucky, New York, and North Dakota. The Plaintiffs seek recovery of unpaid wages and damages to remedy violations of the FLSA, 29 U.S.C. §§ 201 *et seq.*, and state wage and hour laws.

Specifically, Plaintiffs alleged claims arising from several legal theories: (1) PJ Ops violated the FLSA by failing to pay minimum wage after subtracting unreimbursed vehicle costs incurred by its delivery drivers in performing the job; (the "FLSA Collective

Action"); (2) PJ Ops violated the FLSA by failing to pay overtime wages; (3) PJ Ops violated the Idaho Minimum Wage Law and Wage Claims Act by failing to pay minimum wage; (4) PJ Ops violated Kentucky wage and hour laws, specifically K.R.S. § 337.275, by failing to pay minimum wage; (5) PJ Ops violated Kentucky wage and hour laws, specifically K.R.S. § 337.060, by failing to pay agreed upon wages; (6) PJ Ops violated the North Dakota Wage Collection Act, N.D. Stat. § 34-14-01, *et seq*., by failing to pay wages owed; (7) PJ Ops violated Colorado wage and hour laws, specifically C.R.S. 8-6-101*, et seq*., by failing to pay minimum wage; (8) PJ Ops violated New York wage and hour laws, specifically NYLL §§ 650, *et seq*., for failing to pay minimum wage; and (9) PJ Ops violated New York wage and hour laws, specifically NYLL, Art. 6, § 195(3), by failing to provide accurate wage statements.

Plaintiffs' vehicle cost reimbursement claims stem from the allegation that Defendants employed them as delivery drivers and required them to provide their personal vehicles as a "tool of the trade." *See* Dkt.186 ¶ 293. Plaintiffs also alleged that in providing their vehicles as "tools of the trade," the delivery drivers purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, and suffer automobile depreciation for the primary benefit of Defendants. *Id*. at ¶ 295. Plaintiffs alleged that the delivery drivers were paid minimum wage minus a tip credit while they were on the road making deliveries and were reimbursed a flat rate for each delivery completed regardless of how many miles the delivery takes to complete or what expenses were actually incurred in the process. *Id*. at ¶¶ 287-288, ¶ 296. Plaintiffs further alleged that this scheme resulted in the drivers receiving reimbursements of about half of the IRS

standard business mileage rate per mile, the IRS rate reasonably approximates the costs of owning and operating a vehicle for pizza delivery, and Defendants' conduct resulted in a violation of state and federal minimum wage laws (nominal wage – unreimbursed vehicle costs = subminimum net wages). *See* Plaintiff's Motion for Class Certification, p. 4 Dkt. 192; Dkt. 192-4; Dkt. 192-5 (noting PJ Ops' average reimbursement rate ranged from $.24 to $.25 per mile from 2015 to 2020 in Row 3 of Excel Workbook); Dkt.192-7.

Defendants disputed that it violated the FLSA or relevant state wage laws on the basis that they met the applicable legal standard. Individual Defendants Tom Wylie and David "Dougie" Allen disputed the allegation that they were an "employer" of the delivery drivers as that term is defined by the FLSA.

**B. Procedural History and Current Posture**

On July 5, 2017, Plaintiff Cory Edwards filed this wage and hour class/collective action lawsuit against PJ Ops Idaho, LLC, Papa John's International, Inc., and Tom Wylie. Dkt.1. PJ Ops Idaho and Wylie answered the Complaint on August 28, 2017. Dkt.26. Plaintiff moved to amend his Complaint to add additional defendants: PJ Holdings KY, LLC, PJ Ops Kansas, LLC; PJ Ops Colorado, LLC; PJ Ops Louisiana, LLC; PJ Ops New York, LLC; PJ Operations, LLC; PJ West Fargo, LLC; PJ Falcon Colorado, LLC; PJ Colorado Springs Co Op, LLC; Corporate Doe Defendants 1-10; and Individual Doe Defendants 1-10. *See* Dkt.38-1, Memorandum in Support of Motion for Leave to File First Amended Complaint. The FAC also removed PJI, Inc., who had been dismissed from the case without prejudice. *Id.*; Dkt.28. PJ Ops Idaho and Wylie did not oppose the amendment (Dkt.44), and the Court granted it on November 6, 2017. Dkt.45.

On March 13, 2018, Plaintiffs were granted leave to amend the Complaint to consolidate the allegations and defendants named in this case and *Hollingsworth*. Dkt.61. As a result, two defendants named in Hollingsworth—PJ Minnesota, L.L.C. and PJ Acquisitions, LLC—were added as defendants. Dkt.62.

With the cases now consolidated, Plaintiffs renewed their Motion for Conditional Certification on April 20, 2018. Dkt.64. On May 11, 2018, the parties submitted a joint motion to send FLSA collective action notice. Dkt.65. The Court granted conditional certification on May 16, 2018. Dkt.68.

During the FLSA collective action notice period, more than 700 delivery drivers from all of the states where Defendants' Papa John's Pizza franchise operated joined the case. Some of those individuals—Matthew Garber, Seth Thomas Sweeney, John Carrigan, and Jeffrey Smith—sought to assert additional Rule 23 class claims on behalf of their fellow drivers from Kentucky, North Dakota, Colorado, and New York, respectively. On April 10, 2019, Plaintiffs moved for leave to file their Third Amended Complaint. Dkt.111. Defendants did not oppose, and the Court granted Plaintiffs' request on May 3, 2019. Dkt.113.

Over the course of the next two years, the parties mostly engaged in disputes surrounding the opt-in plaintiffs' discovery obligations, Defendants' email inboxes, and data that ultimately had to be subpoenaed from PJ Ops' franchisor, PJI, Inc.

On July 14, 2021, the first Scheduling Order in the case was entered. Dkt.168. In it, the Court set the deadline for amending the pleadings for 6 weeks later—August 27, 2021. *Id*.

On August 27, 2021, Plaintiffs filed the Fourth Amended Complaint. The Fourth Amended Complaint added allegations against Tom Wylie and PJ Holdings KY, LLC, and added David "Dougie" Allen as a defendant. Dkt.171.

On December 6, 2021, Plaintiffs filed their Motion for Rule 23 Class Certification. Dkt.192. On June 7, 2022, the Court granted Plaintiffs' Motion for Class Certification, certifying five classes of delivery drivers, including a class of drivers in Idaho, Kentucky, North Dakota, Colorado, and New York. Dkt.225. PJ Ops sought interlocutory review of that class certification order, but the Ninth Circuit rejected that request after briefing.

Both sides propounded, and responded to, extensive written discovery requests. Defendants produced voluminous, but incomplete, work time, payroll, delivery address, and reimbursement data. Additional similar data was subpoenaed from PJI. Through retained, non-testifying experts, Plaintiffs synthesized that data and calculated class-wide damages, including weekly damage calculations per delivery driver. Plaintiffs deposed 6 PJ Ops' managers at length, some twice. PJ Ops deposed all named Plaintiffs. Thus, the parties gained sufficient information and perspective to negotiate.

The parties attended a court-ordered settlement conference and thrice attended mediation, with the second mediation occurring in the summer of 2024, and, thereafter, continued working with the mediator to reach a resolution. In the meantime, the parties continued with discovery efforts and were preparing to file their expert disclosures. On December 13, 2024, the parties advised the Court that they had reached an agreement in principle based on the mediator's proposal. The parties mediated again in June 2025 to resolve a few, remaining issues regarding non-monetary terms of the settlement.

On October 22, 2025, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (Dkt. 295). On November 3, 2025, the Court preliminarily approved the parties' class and collective settlement, finding that the Court "is likely to approve the settlement" and "is likely to approve the fees and costs as part of the settlement at the final hearing, taking into account any objections." Dkt. 297, ¶ 7, ¶ 9. Atticus Administration has now completed the settlement notice process. A final fairness hearing was held April 13, 2026. Dkt. 301.

## III. LEGAL STANDARD FOR SETTLEMENT APPROVAL

Rule 23 class actions can only be settled with Court approval and after notice to the class. Fed. R. Civ. P. 23(e). The Ninth Circuit has stated that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig*, 516 F.3d 1095, 1101 (9th Cir. 2008).

Courts overseeing Rule 23 class action settlements follow a three-step process. First, "[t]he parties must provide the Court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Rule 23(e)(1)(A). Second, if the parties can show that the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal," the Court "must direct notice in a reasonable manner to all class members who would be bound[.]" Rule 23(e)(1)(A). Third, after the notice period and a hearing, the Court may approve a class settlement proposal "only on finding that it is fair, reasonable, and adequate," considering the various factors in Rule 23(e)(2).

To determine whether the proposed settlement warrants approval, the Court must

find that the proposal is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). When evaluating a settlement under these factors, courts are "mindful that the law favors the compromise and settlement of class action suits." *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1009 (E.D. Cal. 2019).

Like a Rule 23 class settlement, FLSA settlements require Court approval. A proposed FLSA settlement which involves a compromise by an employee will be approved if the court determines that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. "[T]he reason judicial approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim does not undermine the statute's

terms or purposes." *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 622-23 (E.D. Va. 2011). The same reasons supporting approving the class settlement likewise support approving the FLSA settlement.

**A. The Parties Settlement is Fair, Reasonable, and Adequate**

The Court has already scrutinized the parties' settlement and previously granted preliminary approval. (Dkt. 297). To review, the settlement obligates Defendants to pay $2,100,000.00 inclusive of payments to all delivery driver employees employed at one or more of the Defendants' stores in Idaho between July 5, 2015, and December 12, 2024, Colorado between July 5, 2014, and December 12, 2024, Kentucky between July 5, 2012, and December 12, 2024, New York between July 5, 2011, and December 12, 2024, and North Dakota between July 5, 2012, and December 12, 2024 ("Class Members"), attorneys' fees, expenses, administration fees, and service awards. Settlement Agreement, § 1.25, 1.4, 1.9 (Dkt. 295-1).

After fees, reimbursement of expenses, and service awards, this fund will be divided on a prorated basis among the Class Members based on the number of on-the-road hours worked, as calculated by a Settlement Administrator based on Defendants' available records. *Id.* at § 1.12. For those class members whose hours are not reflected in Defendants' records, their hours will be deemed to be the average hours of all other workers for which information exists. Individuals who opted in to the FLSA claim before the settlement was reached will have their total on-the-road hours between July 5, 2014, and December 12, 2024, calculated at 1.5x for purposes of calculating their settlement share. *Id*. at § 4.5. Money that is not claimed by class members will be redistributed to a bona-fide charity.

The release is narrowly tailored, as it is limited to claims arising from the facts asserted in Plaintiff's Complaint. *Id*. at § 8.1.

The notice period ran from December 18, 2025 through February 17, 2026. The Settlement Administrator sent the approved notice via U.S. First-Class Mail. (Dkt. 300-2). For notices returned undeliverable, the Settlement Administrator attempted to obtain an updated address for re-mailing. *Id*. The Settlement Administrator reported that 87.66% of Class Members were successfully mailed a notice. *Id*. Only two (2) Class Members submitted valid and timely Opt-Out requests. *Id*.

There were no objections received by Class Counsel or the Court, and no objections were raised during the Final Fairness Hearing.

The Court therefore finds that all six fairness factors favor approval.

**B. Attorney's Fees, Advanced Litigation Costs, Settlement Administration Costs, and the Service Awards.**

**1.1. Attorney's Fees**

The Court also provisionally approved Class Counsel's request for one-third of the settlement fund, subject to evaluation in light of any objection. *Id*. There being no objections, the Court finds that one-third of the settlement fund is a standard fee amount in a wage and hour case and approves the fee award.

**1.2. Advanced Litigation Expenses**

The Court also provisionally approved Class Counsel's request for one-third of the settlement fund, subject to evaluation in light of any objection. *Id*. There being no objections, the Court finds that Class Counsel also asks that the Court award them an

amount to reimburse them for their out-of-pocket litigation expenses totaling $566,761.65. The Court finds that these expenses are reasonable and were necessary to advance the interests of the class. Accordingly, they are approved.

### 1.3. Administration Costs

The Court previously approved the administration fees of approximately $23,500.00. (Dkt. 297). Class Counsel reported at the Final Fairness Hearing that the total administration fee is $25,000 for settlement administration costs. This amount is reasonable and advances the interests of the class, so it is approved.

### 1.4. Service Awards

The Court provisionally approved the requested service awards, subject to evaluation in light of any objection. (Dkt. 297). There being no objections, the Court finds that the service awards are reasonable.

## IV. CONCLUSION

Having scrutinized the settlement, considered the relevant factors, and conducted a fairness hearing, the Court finds that the class settlement is fair, reasonable, and adequate. Accordingly, the Court hereby ORDERS and ADJUDGES as follows:

1. Final Approval of the Class and Collective Action Settlement pursuant to the terms of the Parties' Settlement Agreement (Dkt. 295-1) under Federal Rule of Civil Procedure 23 on behalf of all delivery driver employees employed at one or more of the Defendants' stores in Idaho between July 5, 2015, and December 12, 2024, Colorado between July 5, 2014, and December 12, 2024, Kentucky between July 5, 2012, and December 12, 2024, New York between July 5, 2011, and December 12, 2024, and North

Dakota between July 5, 2012, and December 12, 2024, and under the Fair Labor Standards Act, 29 U.S.C. § 216(b) on behalf of all individuals who timely opted-in to this case is hereby GRANTED.

2. Class Counsel's request for an award of attorney's fees of $700,000 and costs of $566,761.65 in advanced litigation expenses is hereby GRANTED;

3. Class Counsel's request for $10,000 service awards each to Plaintiffs Cory Edwards, James Hollingsworth, Matthew Garber, John Carrigan, Seth Thomas Sweeney, and Jeffrey Smith is hereby GRANTED;

4. The parties are ORDERED to carry out the settlement agreement according to its terms;

5. The FLSA and State Claims are DISMISSED with prejudice. The Clerk is directed to enter Final Judgment in accordance with the settlement agreement. The Court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement.

DATED: April 23, 2026

David C. Nye
U.S. District Court Judge